Carl C. WOMBLE, Plaintiff-Appellee,

v.

J. C. PENNEY COMPANY, Inc.,
Defendant-Appellant.

No. 19927.

United States Court of Appeals,
Sixth Circuit.

Sept. 15, 1970.

**986**

Paul Campbell, Jr., Chattanooga, Tenn., for defendant-appellant; Campbell & Campbell, Chattanooga, Tenn., on brief.

U. L. McDonald, Chattanooga, Tenn., for plaintiff-appellee; Duggan & McDonald, Chattanooga, Tenn., on brief.

Before WEICK, PECK and BROOKS, Circuit Judges.

JOHN W. PECK, Circuit Judge.

This is a personal injury case wherein the jury returned a verdict of $50,000 for appellee. Appellee was a painter em-

ployed by Robertson & Sons Painting Contractors, and was working in the new J. C. Penney store that was being constructed in Chattanooga, Tennessee, at the time of his injury. Appellant had contracted with Robertson & Sons to paint and do other related work at its store.

On May 27, 1965, appellee reported for work in the morning and after checking in and changing his clothes, he and Mr. Robertson went over to the area where he was to work for the day. Inside the store where appellee was working, the floor was in the process of being covered with carpet or tile. In one large section of this store, workers for appellant had placed a heavy coat of wax on the tile floor, and at least two or three of the four sides of this waxed area were roped off. After being shown his work for the day, appellee proceeded to get his supplies, but realized he needed a ladder in his work. He proceeded to search for one, and testified that he was walking along when "the next thing I knowed, I had hit the floor." Appellee fell on his back and seriously injured his spine and has since been unable to work. The District Court overruled appellant's motions for a directed verdict, and after the jury verdict, denied its motions for judgment notwithstanding the verdict and for a new trial. This appeal followed.

The first issue concerns the District Court's denial of appellant's motion for summary judgment based on the fact that appellee had recovered workmen's compensation as an employee of Robertson & Sons, and appellant contends that under Tennessee law, appellee was limited to this recovery and could not bring a negligence action against appellant. The question is whether appellant, who contracted with Robertson & Sons, appellee's employer, was a principal contractor or a "third person" under Tennessee Workmen's Compensation law.[1]

1. "Section 50–915. Liability of principal, intermediate contractor or subcontractor for injuries to any employee—Remedies—

Recovery.—A principal, or intermediate contractor, or subcontractor shall be liable for compensation to any employee in-

The District Court found that appellant as owner of the property was not a principal contractor since that term did not ordinarily refer to the owners of the premises who have contracted with other firms to perform work on the premises which was not a part of the owner's business. We agree with the District Court's findings and hold that Robertson & Sons, and not the appellant, was the principal contractor, and that therefore appellee was not barred from filing his negligence action against appellant, as a third person under T.C.A. § 50–914, even though he recovered workmen's compensation. The term "principal contractor" is not defined in the Tennessee Code, but the courts have dealt with the question in situations similar to the present.

In Siskin v. Johnson, 151 Tenn. 93, 268 S.W. 630 (1925), later followed in Odom v. Sandford & Treadway, 156 Tenn. 202, 299 S.W. 1045 (1927) and International Harvester Company v. Sartain, 32 Tenn.App. 425, 222 S.W.2d 854 (1948), where R. H. Siskin & Sons contracted with one H. C. Carter to unload some railroad cars, and Johnson, an employee of Carter, was injured while unloading the cars, the Court held that the defendants were not principal contractors since they had not contracted or undertaken to execute work for another, but had only employed Carter as an independent contractor to perform certain work for them. Similarly, J. C. Penney had not contracted work for another, and as owner of the store where appellee

was injured and by contracting the painting job to Robertson & Sons, it was not a principal contractor under T.C.A. § 50–915. See also, Chappel v. Olin-Mathieson Chemical Corporation, 305 F. Supp. 544 (E.D.Tenn.1969); Jones v. City of Dyersburg, 440 S.W.2d 809 (Ct. App.Tenn.1967).

Appellant also claims that the District Court erred in overruling its motion for a directed verdict at the end of appellee's proof, and at the conclusion of all the evidence. Appellant states that it proved appellee was negligent and that there was no evidence of any negligence on its part since the evidence did not establish that it applied the wax improperly; there was testimony that the area being waxed was completely roped off when the work started that morning; and the condition of the tile floor was open and obvious. In conjunction with these questions, appellant further contends that appellee's employer was warned of the dangerous condition caused by the waxing of the tile floor, and notice to the employer is notice to the employee, and that it was not under any duty to provide a safe place in which to work because of the constantly changing conditions in the store.

Upon consideration of the record and the testimony in this case, we find that the evidence of negligence and contributory negligence created questions of fact for the jury, and that the District Court properly submitted these issues to the jury under correct instructions. The Court in Kendall Oil Company v. Payne,

---

jured while in the employ of any of his subcontractors and engaged upon the subject matter of the contract to the same extent as the immediate employer.
    \*    \*    \*    \*    \*
  This section shall apply only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management."
  "*Section 50–914. Liability of third persons—Attorney's fee and lien—Subrogation of employer—Lien of employer and credit on employer's liability—Limitation*

*of actions.*—When the injury or death for which compensation is payable under the Workmen's Compensation Law was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, or his dependents, shall have the right to take compensation under such law, and such injured workman, or those to whom his right of action survives at law, may pursue his or their remedy by proper action in a court of competent jurisdiction against such other person. \* \* \* "

41 Tenn.App. 201, 293 S.W.2d 40 (1955), stated:

"Generally, where the question of contributory negligence is involved, whether a defect is of such a nature that a person coming upon the premises should observe and avoid it is for the jury. * * * Similarly, on the question of defendant's negligence, we think the question of whether a proprietor is guilty of negligence in relying upon the invitee observing and avoiding the danger and, for that reason failing to give warning, generally, presents a question for the jury." 41 Tenn.App. at 206, 293 S.W.2d at 43.

Here, there was testimony that the floor was slick and dangerous; that an employee, in his attempt to help appellee after his fall, went out on the tile floor, slipped and had to crawl off the floor; that the waxed area was roped off on only two or three of the four sides; and that appellee walked on the tile floor without going over or through any barrier. The District Court included in its instruction to the jury that there was no necessity to warn of a condition that was obvious or that was easily seen. This fact question was for the jury (Kendall Oil Company v. Payne, *supra*), as was the question created by the conflict in testimony concerning the extent to which the area was roped off. In City Specialty Stores v. Bonner, 252 F.2d 501 (6th Cir. 1958), the Court stated that the Tennessee cases do not go so far as to hold that the only way in which negligence can be proved is by showing that the floor was improperly waxed since if "the floor was left in a dangerously slick condition, it was a question for the jury to determine whether the appellant failed to exercise ordinary care for the safety and protection of its business invitees." 252 F.2d at 503.

Appellant's contention that notice to the employer is notice to the employee is not well taken under the circumstances of this case. The District Court held that the cases relied upon by the appellant for this point are not controlling since they "dealt with danger of which the plaintiff's employer had knowledge and was inherent in the work which [the employee] was to perform, or existed in the object upon which the employee was working or an object very closely related thereto." Womble v. J. C. Penney Company, 47 F.R.D. 350, 354 (E.D.Tenn.1969). We also find that the District Court was correct in not holding as a matter of law that appellant was not under a duty to provide a safe place to work because of the changing conditions in the store. Appellee's injury did not arise out of any change he made by the work he was doing when injured and therefore appellant owed him the duty of exercising reasonable care to have the premises in a reasonably safe condition. In Tennessee, the rule is that the owner of the land, with certain exceptions, is required to use reasonable care to provide a safe place in which an independent contractor and his employees can work. Shell Oil Company v. Blanks, 46 Tenn. App. 539, 541, 330 S.W.2d 569, 571 (1959); Mahoney v. United States, 220 F.Supp. 823, 826 (E.D.Tenn.1963), aff'd, 339 F.2d 605 (6th Cir. 1964). The "changing conditions" question raised by the appellant is an exception to the rule but applies only where the risks arise from, or are intimately connected with, defects of the premises or of machinery or appliances located thereon which the contractor has undertaken to repair. Shell Oil Company v. Blanks, *supra;* Cincinnati, N.O. & T.P. Ry. v. Hall, 243 F. 76, 83 (6th Cir. 1917).

Appellant's next three contentions will be dismissed summarily since we find that the District Court properly submitted appellee's status as invitee or licensee to the jury; that no error was committed in refusing to give the special charges to the jury requested by the appellant since the substance of these requests were contained in the Court's general charge; and that in the circumstances it was not an abuse of discretion for the Court to hear appellant's motion for directed verdict without first excusing the jury.

Appellant's final contention concerns the District Court's denial of its motion to set aside the verdict for jury misconduct because the jury allegedly discussed matters that were not in evidence; that they reached a quotient verdict; that they disregarded the Court's instruction; and that they did not consider the deposition of a defense witness. Appellant attached five affidavits of jurors that rendered the verdict for appellee to its motion. These affidavits were taken by appellant without the permission of the Court.

The general rule is that jurors may not impeach their verdict (McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300 (1915)), but the rule does not preclude inquiry into any extraneous influences brought to bear upon the jury in order to show what the influences were and whether they were prejudicial. Gault v. Poor Sisters of St. Frances, 375 F.2d 539 (6th Cir. 1967); Stiles v. Lawrie, 211 F.2d 188 (6th Cir. 1954). Contrary to appellant's contention, federal and not state standards control in determining whether or not extraneous influences have so prejudiced jury consideration of the issues as to warrant reversal. Gault v. Poor Sisters of St. Frances, *supra*, 375 F.2d at 549; 6A J. Moore, Federal Practice ¶ 59.08 [4], at 3814 (2d ed. 1966). The District Court found that the alleged misconduct of the jury did not involve elements of extraneous influences, and went on to find that the jury used the quotient only as a point for discussion in arriving at a fair verdict, that several of the comments made by jurors during deliberation were statements of general experience background and did not amount to additional evidence supplementary to that introduced during the trial.

We do not pass on the question of the propriety of appellant's inquisition into the jury's deliberations since the District Court reviewed the statements made by the jurors in the affidavits and concluded that the alleged misconduct of the jurors did not prejudice the result or constitute reversible error. We hold that the District Court was correct in its findings.

Affirmed.