**SIMMONS FIRST NATIONAL BANK, Conservator of the Estate of Lorenzo Porter, Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant.**

**No. PB–C–79–181.**

United States District Court, E. D. Arkansas, Pine Bluff Division.

Dec. 4, 1980.

Bernard Whetstone, Whetstone & Whetstone, Little Rock, Ark., for plaintiff.

Winslow Drummond, Wright, Lindsey & Jennings, Little Rock, Ark., for defendant.

## ORDER

WOODS, District Judge.

Plaintiff has filed a Motion for New Trial based on the affidavits of two jurors as to matters occurring in the jury room. The principal contention is that one of the jurors coerced and harassed the other jurors into agreeing with her. These affidavits are clearly inadmissible under Rule 606(b), Federal Rules of Evidence, reading as follows:

> *Inquiry into validity of verdict or indictment.* Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

In the interests of ensuring candid exchange of juror views, Rule 606(b) continues the rule that post–verdict inquiry of jurors as to their thoughts or feelings, even if confused or improper is not permitted. In *United States v. Duzac*, 622 F.2d 911 (5th Cir. 1980), a police officer was tried on a charge of lying to the grand jury. During deliberations, the trial jury sent a note to the judge, stating that "certain prejudices due to prior personal experiences" of some of the jurors prevented a unanimous decision. The judge admonished the jury to make its decision solely on the basis of the evidence and the defendant was convicted. The Court of Appeals upheld the denial of the motion for an evidentiary inquiry into the verdict or for a mistrial. Under Rule 606(b), such inquiries that seek to probe the mental processes or emotions of the jurors are impermissible. The jurors' own prejudices or experiences do not constitute external influences under the Rule. These should have been explored during the selection of the jury. At 913–14. See also, *United States v. Jelsma*, 630 F.2d 778 (CA 10th, 1980) (operating gambling business of five or more persons; held, Rule 606(b) precludes judicial inquiry into jury confusion as to number of persons involved in the gambling scheme).

As pointed out in the comment to this rule, testimony or affidavits of jurors have been held incompetent to show a compromise verdict, *Hyde v. United States*, 225 U.S. 347, 382, 32 S.Ct. 793, 807–808, 56

L.Ed. 1114 (1912); a quotient verdict, *Mc-Donald v. Pless*, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300 (1915); speculation as to insurance coverage, *Holden v. Porter*, 405 F.2d 878 (10th Cir. 1969), *Farmers Co–op. Elev. Ass'n v. Strand*, 382 F.2d 224, 230 (8th Cir. 1967), cert. denied 389 U.S. 1014, 88 S.Ct. 589, 19 L.Ed.2d 659; misinterpretations of instructions, *Farmers Co–op. Elev. Ass'n v. Strand, supra*; mistake in returning verdict, *United States v. Chereton*, 309 F.2d 197 (6th Cir. 1962); interpretation of guilty plea by the defendant as implicating others, *United States v. Crosby*, 294 F.2d 928, 949 (2d Cir. 1961).

In the Eighth Circuit decision cited *supra*, it was said:

> The items set out in the juror's affidavit all related to matters which took place in the jury room and which inhere in the verdict. It is a well–established rule in the federal courts and the Nebraska court that a jury verdict may not be impeached as to occurrences in the jury room which inhere in the verdict by an affidavit of a juror. *McDonald v. Pless*, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300; *Stephenson v. Steinhauer*, 8 Cir., 188 F.2d 432, 439; *United States v. Kansas City, Mo.*, 8 Cir., 157 F.2d 459, 460. (382 F.2d 224, 230)

In a recent Eighth Circuit decision, *United States v. Bohr*, 581 F.2d 1294 (8th Cir. 1978), cert. denied, 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978), the jury foreman submitted a notarized statement indicating that in addition to being employed by General Motors, he was a farmer with about $130,000 invested in his farm. This information was not provided to the parties by the clerk prior to trial. The prosecuting witness was a farmer, and defendant contended that had he known of the foreman's farm investments, he would have exercised a peremptory challenge as to him. "If Bohr's motion can be taken as a suggestion of improper influence on the jury, the affidavit is not competent evidence to support such an allegation. Under Rule 606(b) of the Federal Rules of Evidence a juror may not testify as to 'the effect of anything upon his or any other juror's mind or emo-

tions as influencing him to assent to or dissent from the verdict ... or concerning his mental processes in connection therewith....'" *Id.* at 1302, footnote 11.

In another case the Eighth Circuit stated: "Although the issue has not been raised by the parties, the affidavit as to the extrajudicial statements made by juror Swaney may well have been inadmissible under the nonimpeachment rule of Fed.R.Evid. 606(b). In the application of that rule, we recently held in *United States v. Eagle*, 539 F.2d 1166, 1169–71 (8th Cir. 1976), that the verdict of a jury may not be impeached by evidence of the thought processes and undisclosed subjective prejudices of individual jurors who concurred in the verdict." *Poches v. J. J. Newberry Co.*, 549 F.2d 1166, 1169 (8th Cir. 1977).

In an Iowa case, a juror testified as to the antics of another juror who strutted as a minstrel and used black dialect because defendant and his counsel were black. The testimony was held to be inadmissible. *Smith v. Brewer*, 444 F.Supp. 482 (S.D.Iowa 1978), aff'd 577 F.2d 466 (8th Cir. 1978), cert. denied, 439 U.S. 967, 99 S.Ct. 457, 58 L.Ed.2d 426 (1978). See also *United States v. Gambina*, 564 F.2d 22, 24 (8th Cir. 1977). "Fed.R.Evid. 606(b) specifically prohibits a juror from impeaching a verdict except in a few narrow circumstances involving extraneous matters or improper influences .... Gambina does not allege that the jury saw or heard anything not set out in the record. Thus, Gambina may not examine the jury because all he attempts to do is examine the mental process of the jurors."

The other Circuits are in accord as to the interpretation of Rule 606(b). Thus a statement of a juror that she "felt like at the last minute we were railroaded" and that she believed "there was not evidence to make [her] decide [certain defendants] were involved in a conspiracy" was inadmissible. *United States v. Hockridge*, 573 F.2d 752 (2d Cir. 1978), cert. denied, 439 U.S. 821, 99 S.Ct. 85, 58 L.Ed.2d 112 (1978). Affidavits of jurors stating that one of the jurors had never voted "guilty" but rather had voted "guilty with reservations" and her affidavit

that she was confused by events in the courtroom when she acknowledged the verdict were not admissible to impeach a verdict. *United States v. Weiner*, 578 F.2d 757 (9th Cir. 1978), Cert. denied, 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 651 (1978), reh. denied, 439 U.S. 1135, 99 S.Ct. 1060, 59 L.Ed.2d 98 (1978). "Severe limitations exist on all attempts 'to breach the shroud surrounding jury deliberations'. *United States v. Gipson*, 553 F.2d 453, 457 (5th Cir. 1977). The rule of the common law is that a juror may not impeach his verdict (citations omitted). The sanctity of a verdict may be impugned only by evidence of improper external influences on the jury's decision ...." *United States v. D'Angelo*, 598 F.2d 1002 (5th Cir. 1979). In *United States v. Gerardi*, 586 F.2d 896 (1st Cir. 1978) a juror wrote the judge as follows two days after conclusion of the trial: "Honorable Judge Skinner: I have made a mistake, I do not feel as though the three men in the *Gerardi* case should have been found guilty.... I would like to discuss with you why I come to my decision. I would also like to talk to you about the limitations of the court system and what should be done." 586 F.2d 896, 898. The following statement in the opinion of the Court of Appeals for the First Circuit is significant:

It is well–established that a juror may not impeach the validity of the verdict after it is rendered, absent a showing that "extraneous prejudicial information was improperly brought to the jury's attention or ... any outside influence was improperly brought to bear upon any juror." Fed.R.Evid. 606(b). The judge properly concluded that further inquiry into the deliberations of the jury was not only not required but would have been improper, and that the juror's vacillations and second thoughts did not impugn the unanimity of the guilty verdict nor in any way necessitate a new trial. The appellants' contention that the judge abused his discretion by so finding is clearly without merit. *See United States v. Eagle*, 539 F.2d 1166, 1169–71 (8th Cir. 1976). At 898.

We are constrained to point out that the conduct of attorneys for plaintiffs in interviewing the jurors as to matters transpiring within the jury room was improper and is subject to criticism. Here there are no contentions or statements in the affidavits that these jurors were subject to extraneous influence. In *United States v. Brasco*, 516 F.2d 816 (2d Cir. 1975) the court commented as follows:

Such complicity by counsel in a planned, systematic, broad–scale, posttrial inquisition of the jurors by a private investigator or investigators is reprehensible, to say the least. The trial court was correct in stating, 385 F.Supp. 966, 970, note 5, that where a full dress inquiry of this sort was intended to be launched. "... post–trial questioning of jurors must only be conducted under the strict supervision and control of the court, with inquiry restricted to those matters found by the court as both relevant and proper." At 819, fn. 4.

Even though this is a civil case, the ABA's Standards Relating to the Administration of Criminal Justice are pertinent. They suggest notice to opposing counsel and the court:

After verdict, the lawyer should not make comments concerning an adverse verdict or ask questions of a juror for the purpose of harassing or embarrassing the jury in any way which will tend to influence judgments in future jury service. If the lawyer has reasonable ground to believe that the verdict may be subject to legal challenge, he may properly, if no statute or rule prohibits such course, communicate with jurors for that limited purpose, upon notice to opposing counsel and the court.

Before interviewing the jurors in this case, counsel did not give notice either to the court or opposing counsel. Inquiry by counsel was directed to matters clearly precluded by Rule 606(b). In *Rakes v. U. S.*, 169 F.2d 739, 745–6 (4 Cir.), *cert. denied*, 335 U.S. 826, 69 S.Ct. 51, 93 L.Ed. 380 (1948), the Fourth Circuit condemned this practice in no uncertain terms:

He who makes studied inquiries of jurors as to what occurred there acts at his peril, lest he be held as acting in obstruction of the administration of justice. Much of such conversation and inquiry may be idle curiosity, and harmless, but a searching or pointed examination of jurors in behalf of a party to a trial is to be emphatically condemned. It is up to the courts to protect jurors from it.

See also *O'Rear v. Fruehauf*, 554 F.2d 1304 (5th Cir. 1977); *Commonwealth v. Patrick*, 416 Pa. 437, 206 A.2d 295 (1964). As was pointed out in *United States v. Narcisco*, 446 F.Supp. 252 (E.D.Mich.1977) at p. 324, courts which " . . . have upheld the power of the trial court to prohibit post–trial contact between jurors and attorneys have done so to (a) avoid harassment of jurors, thereby encouraging freedom of discussion in the jury room, (b) reduce the number of meritless post–trial motions, (c) eliminate a significant course of jury tampering, and (d) increase the certainty of verdicts."

See also *Miller v. U. S.*, 403 F.2d 77 (2nd Cir. 1968). *Stephens v. City of Dayton, Tenn.*, 474 F.2d 997 (6th Cir. 1973); *U. S. v. Crosby*, 294 F.2d 928 (2nd Cir. 1961), *cert. denied, sub. nom., Mittelman v. U. S.*, 368 U.S. 984, 82 S.Ct. 599, 7 L.Ed.2d 523 (1962); *Bryson v. U. S.*, 238 F.2d 657 (9th Cir. 1956), *cert. denied*, 355 U.S. 817, 78 S.Ct. 20, 2 L.Ed.2d 34 (1957). Several courts have approved the practice of requiring attorneys to petition the Court before contacting any juror. *U. S. v. Riley*, 544 F.2d 237 (5th Cir. 1976), *cert. denied*, 430 U.S. 932, 97 S.Ct. 1554, 51 L.Ed.2d 777 (1977); *U. S. v. Brasco*, 385 F.Supp. 966 (S.D.N.Y.1974), aff'd 516 F.2d 816 (2nd Cir. 1975), *cert. denied*, 423 U.S. 860, 96 S.Ct. 116, 46 L.Ed.2d 88 (1975); *Beanland v. Chicago R. I. & Pac. R. R. Co.*, 345 F.Supp. 227 (W.D.Mo.1972). In fact, some jurisdictions have a standing policy to the effect that all attorney–juror contact must be strictly regulated by the court. *U. S. v. Winters*, 434 F.Supp. 1181 (N.D.Ind. 1977); see *Womble v. J. C. Penney Co.*, 47 F.R.D. 350 (E.D.1970) (Tenn.); *U. S. v. Miller, supra,* (New Jersey); *Hildebrand v. Mueller*, 202 Kan. 506, 449 P.2d 587 (1969).

Although this District does not have a specific rule on the subject, such a rule may be advisable.

The plaintiffs' Motion for New Trial is hereby denied.