UNITED STATES, Appellee,

v.

Private E-2 Richard L. WITHERSPOON, Jr., 249–23–5762, United States Army, Appellant.

CM 439581.

U. S. Army Court of Military Review.

13 Oct. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Lawrence D. Galehouse, JAGC, Captain Joseph A. Russelburg, JAGC, and Captain Robert M. Twiss, JAGC, were on the pleadings for the appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Douglas P. Franklin, JAGC, and Captain Kenneth H. Clevenger, JAGC, were on the pleadings for the appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Judge:

At his trial by general court-martial at Fort Ord, California, the appellant was convicted of rape in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920. His approved sentence includes a bad-conduct discharge, confinement at hard labor for two years, partial forfeitures for two years, and reduction to the lowest enlisted grade.

During the voir dire portion of the trial, the defense counsel asked the court-members if they felt they were "in any way racially prejudiced." The military judge stated that he did not see how the members could answer that question as it was too broad. The defense counsel did not pursue the matter further. The appellant now contends that the judge improperly limited the voir dire.

Depending on the circumstances of the particular case, counsel for an accused may properly inquire into possible racial or ethnic prejudice on the part of court-members. See *Rosales-Lopez v. United States*, 451 U.S. 182, 101 S.Ct. 1629, 68 L.Ed.2d 22 (1981); *Ristaino v. Ross*, 424 U.S. 589, 96 S.Ct. 1017, 47 L.Ed.2d 258 (1976); *Ham v. South Carolina*, 409 U.S. 524, 98 S.Ct. 740, 54 L.Ed.2d 765 (1973).[1] Accordingly, it would have been appropri-

ate to permit the defense to question the members concerning any racial prejudice they might have held against blacks.[2] We disagree, however, with the appellant's contention that the judge precluded him from developing the matter. The judge ruled only that the question propounded by the defense was too broad. Counsel, for reasons known only to himself, declined to ask a more specific question, e. g., whether any members were prejudiced against blacks. We are satisfied that the judge would have permitted such a line of inquiry.[3] Accordingly, we find no error.

The appellant's next contention relates to matters which came to light after trial, when it became apparent that one of the court-members during the overnight recess may have visited the location on the Fort Ord reservation where the appellant testified that the incident occurred.[4] As a result, all members executed sworn statements as to their activities.[5]

Generally, jurors are not permitted to impeach their verdicts "with respect to matters which essentially inhere therein." *United States v. Bourchier*, 5 U.S.C.M.A. 15, 27, 17 C.M.R. 15, 27 (1954). See *United States v. West*, 23 U.S.C.M.A. 77, 48 C.M.R. 548 (1974); *United States v. Hance*, 10 M.J. 622 (A.C.M.R.1980). Exceptions are made, however, when the jury may have been

1. In civilian courts, voir dire is generally conducted by the trial judge, although counsel may participate. For the rule in the federal district courts, see Rule 24(a), Federal Rules of Criminal Procedure. In the military, counsel generally have a wider latitude in the voir dire proceedings. See *United States v. Slubowski*, 7 M.J. 461 (C.M.A.1979). In the instant case, the judge conducted an initial voir dire and permitted counsel to address additional questions to the court members.

2. The appellant and his two co-actors are black; the victim is white.

3. For example, the judge allowed the defense counsel to inquire whether any member believed that black males are more aggressive than white males. (All members replied in the negative.)

4. The appellant admitted an act of sexual intercourse but contended that the young lady consented. He testified that the act occurred in a

parked automobile in the presence of his two companions near the Fort Ord Officers' Club and the family housing area. The victim, however, testified that the three soldiers all raped her in a more remote location on the military reservation.

5. The appellant did not move to admit these affidavits as appellate exhibits. Nonetheless, in the interest of justice we have considered these statements which are found in the allied papers with the record of trial and are referred to by the staff judge advocate in the addendum to his posttrial review. The appellant has instead incorporated a statement from the trial defense counsel and one from another judge advocate relating conversations with two of the court-members. In view of the hearsay nature of these statements, we decline to consider them.

improperly influenced by consideration of extraneous information acquired through previous knowledge or an unauthorized viewing of the scene of the alleged crime. *See,* e. g., *United States ex rel. Owen v. McMann,* 435 F.2d 813 (2d Cir. 1970); *United States ex rel. DeLucia v. McMann,* 373 F.2d 759 (2d Cir. 1967). *See also, United States v. Bishop,* 11 M.J. 7 (C.M.A.1981). The principle is codified in the recently adopted Military Rules of Evidence.[6] In view of this authority, we may examine the affidavits of the court-members to determine if prejudicial information was improperly before them.

The affidavits show that one court-member, Captain Morris L. Paulsen, had occasion to drive through the area enroute to the Officers' Club and that he made a point to observe the scene where the appellant testified the incident took place because he was unclear as to certain aspects of the appellant's testimony. As a result, he concluded that the appellant could not have travelled in the direction he said he did when he left the scene. Some of the other members were familiar with the area based on previous observation.[7] There is no indication that the first member informed the others that he had visited the scene. However, the question of the physical layout of the area was discussed during deliberations and the point was made that the appellant either made "a mistake or wasn't telling the truth" when he testified concerning directions.[8]

■ We first address the question of whether the previously-acquired knowledge of the members concerning the geographical area was properly considered by them during the deliberations. As a basic proposition, facts should be presented to the jury in the form of testimony or other evidence offered in open court. The intrusion of extra-judicial information in a given case could prejudice an accused and require reversal. *See Parker v. Gladden,* 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966) (bailiff informed jurors he believed accused to be guilty); *Marshall v. United States,* 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959) (newspaper publicity); *United States ex rel. Owen v. McMann, supra,* (personal information about accused's background).

■ This does not mean, however, that jurors have to be completely isolated from their previous background and experience. Thus, they may in an appropriate case bring commonly-known facts with them to the deliberation room. *See Gault v. Poor Sisters of St. Francis,* 375 F.2d 539, 551 (6th Cir. 1967); *Womble v. J. C. Penney Co.,* 47 F.R.D. 350, 356 (E.D.Tenn.1969), affirmed 431 F.2d 985 (6th Cir. 1970). Although the line of demarcation between commonly-known facts and specialized or personal knowledge that jurors should not possess may be difficult to define with any degree of precision, we are satisfied that the previously-acquired geographical knowledge in the instant case falls on the permissible side of the line.

Our conclusions in this regard likewise dispose of any problem presented by the

---

**6.** Rule 606(b) provides:

Upon an inquiry into the validity of the findings or sentence, a member may not testify as to any matter or statement occurring during the course of the deliberations of the members of the court-martial or to the effect of anything upon the member's or any other member's mind or emotions as influencing the member to assent to or dissent from the findings or sentence or concerning the member's mental process in connection therewith, except that a member may testify on the question whether extraneous prejudicial information was improperly brought to the attention of the members of the court-martial, whether any outside influence was improperly brought to bear upon any member, or whether there was unlawful command influence. Nor may the member's affidavit or evidence of any statement by the member concerning a matter about which the member would be precluded from testifying be received for these purposes.

**7.** Two of the members passed the scene on their way home that night but did not look at it.

**8.** There was no independent evidence adduced at trial concerning the location of the various streets near the scene.

unauthorized view. Captain Paulsen's actions in this regard, albeit improper, did not prejudice the appellant. The information was already known, and properly so, by other members of the court. If Captain Paulsen had not visited the scene, it may reasonably be concluded that the information would have been made available to him during deliberations.

Several caveats are in order. Where geographical location is an issue in a case and it is apparent that the court-members are familiar with the area, the question is best addressed by voir dire of the members during trial rather than after adjournment. If necessary, court-members from another installation may be empaneled. In any event, if the location of the particular crime is important, a controlled viewing of the scene could be authorized or evidence could be introduced concerning the scene. Finally, it would have been appropriate in the instant case to have referred the matter to the trial judge after trial to determine the salient facts and assess the impact on the appellant. See Article 39(a) of the Code, 10 U.S.C. § 839(a).

The appellant also contends that the evidence is insufficient to sustain the findings of guilty. Our review of the record, however, convinces us beyond a reasonable doubt that the accused is guilty as charged.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CARNE and Judge FOREMAN concur.