# KENDALL OIL COMPANY v. MIKE PAYNE.

## —293 S. W. (2d) 40.

Eastern Section.   November 8, 1955..

Petition for Certiorari denied by Supreme Court June 8, 1956.

Campbell & Campbell, Chattanooga, for plaintiff in error.

Massey, Stone & Kirkland, Chattanooga, for defendant in error.

McAMIS, P. J.   This is an action to recover for personal injuries sustained by the plaintiff Mike Payne when he slipped and fell at a gasoline service station operated by the defendant.   The jury returned a verdict for $32,000 which was approved by the Court and judgment rendered.   The defendant appeals insisting, inter alia, that the court erred in peremptorily charging the jury that it was guilty of negligence as a matter of law in washing the concrete approaches with soap and water, creating a dangerous condition of which it failed to warn plaintiff.

The defendant owns and operates a service station on the east side of Cherokee Boulevard in Hamilton County.   On June 28, 1954, a bright and sunny day, plaintiff, driving north out of Chattanooga, drove up on the west side of an "island" of two gasoline pumps and stopped his car.   McDonald, who had been scrubbing the concrete pavement with a push broom immediately in front of the point where plaintiff stopped his car, put down his broom and inquired what service plaintiff wanted.   He was told to fill the tank with gasoline.   The station manager, Mr. Skinner, had placed some cans in the driveway between the "island" and the station house and was in the act of squirting a water hose on the concrete between the house and the tanks.   While McDonald was filling the tank of plaintiff's car, plaintiff got out of his car and walked to the rear to check the price and amount of the gasoline.   After the tank had been filled and plaintiff

had paid McDonald for the gas, plaintiff turned, started back to the front of his car and fell, breaking his hip and sustaining serious injuries. According to his testimony he then saw for the first time the concrete was wet and covered with soapsuds.

Defendant's proof shows that cars and trucks drop oil and tar on the concrete and that it was the custom to wash the concrete two or three times daily to remove these substances. After wetting the surface a soap powder called Tide was sprinkled over the entire concrete surface and then scrubbed with brushes after which it was washed off with a water hose. This is the operation that was going on when plaintiff approached and parked his car at the tanks. As shown, McDonald was scrubbing and Skinner was using the hose.

It was the theory and insistence of defendant in the Circuit Court that it should have been apparent to a customer entering the station upon seeing one attendant using a water hose and another a push broom that the station driveways were being washed and that plaintiff was guilty of proximate contributory negligence in not observing these operations and that the concrete was wet and slick.

On cross-examination Skinner and McDonald admitted that the use of soap made the wet concrete slick and created a dangerous condition and it was upon this admission that the Court directed that defendant be found guilty of negligence and that the jury should determine only the question of plaintiff's contributory negligence and the amount of the verdict. With great deference to the learned trial judge we think, in view of the proof that the dangerous condition was apparent, the question of

defendant's negligence should have been submitted to the jury along with the closely related question of plaintiff's contributory negligence.

In addition to the testimony that two men were engaged in washing the concrete when plaintiff arrived, Skinner testified that there was soap and water all over the station; that anyone with normal intelligence could have seen that it was slick; that there was nothing to obstruct a customer's observation and that because of this "perfectly obvious condition" he did not consider it necessary to warn customers.

McDonald testified that there was "lather in plain sight all over the station" and that "Anybody could see it if they'd looked".

There is other testimony that the process used by defendant in washing its concrete approaches and driveways was standard practice among service station operators.

▪▪▪ The liability of the proprietor of a place of business to which the public is invited is based upon the duty to keep his premises in a reasonably safe condition for all persons who are lawfully on his premises and in the exercise of due care for their own safety. Dolan v. Bry Block Merc. Co., 23 Tenn. App. 47, 51, 126 S. W. (2d) 376. Liability is sustained on the ground of the owner's superior knowledge of a perilous condition on his premises and he is not liable for injuries sustained from dangers that are obvious, reasonably apparent or as well known to the invitee as to the owner. Illinois Cent. Ry. Co. v. Nichols, 173 Tenn. 602, 118 S. W. (2d) 213; Park v. Sinclair Refining Co., 24 Tenn. App. 204, 142 S. W. (2d) 321; 38 Am. Jur. 757, 758. The invitee assumes all normal or

obvious risks attendant on the use of the premises. Gargaro v. Kroger Grocery & Baking Co., 22 Tenn. App. 70, 118 S. W. (2d) 561; 65 C. J. S., Negligence, sec. 50, p. 541.

Generally, whether or not the owner has exercised the required degree of care in maintaining his premises is a question of fact for the jury. Dolan v. Bry Block Merc. Co., supra, 23 Tenn. App. 47, 51, 126 S. W. (2d) 376, and cases there cited; 65 C. J. S., Negligence, sec. 274, p. 1212; 38 Am. Jur. 1063, Negligence, Section 356. If the danger is so obvious that a reasonably careful and prudent person would assume that an invitee would become aware of it in time to avoid injury to himself there is no duty to give warning of the danger. Generally, where the question of contributory negligence is involved, whether a defect is of such a nature that a person coming upon the premises should observe and avoid it is for the jury. 65 C. J. S., Negligence, sec. 257, pp. 1166, 1167. Similarly, on the question of defendant's negligence, we think the question of whether a proprietor is guilty of negligence in relying upon the invitee observing and avoiding the danger and, for that reason failing to give warning, generally, presents a question for the jury.

In our opinion, under the facts of this case, reasonable minds might disagree as to whether the defendant was guilty of negligence in relying upon invitees observing the slick and dangerous condition of the premises and avoiding injury therefrom. And, as we have seen, in cases of this kind it is generally for the jury to say whether the invitee was guilty of contributory negligence in failing to observe and avoid the danger. There was no error in refusing to direct a verdict in this case on the ground of contributory negligence. Even if plaintiff should have seen that the concrete was wet, a jury could

say that an ordinarily prudent person might not detect the soapsuds and the slick condition resulting therefrom.

■ We are likewise of opinion it was for the jury to say whether defendant's negligence or plaintiff's own contributory negligence, if any, in failing to observe the danger constituted the proximate cause of plaintiff's injuries. In our opinion defendant's motion for peremptory instructions was properly overruled.

■ In this view of the case it is not necessary to pass upon numerous other assignments. However, since the question may recur, we think it is proper to decide the admissibility of testimony offered by plaintiff that an unidentified person wearing defendant's uniform said, after plaintiff was injured, that it was customary to wash the concrete at night. It is not insisted that this statement was a part of the res gestae and, in the absence of any evidence that the admission was made by an agent while acting within the scope of his authority, the statement was not admissible. Hudson v. Philadelphia Life Ins. Co., 152 Tenn. 691, 280 S. W. 403, and cases cited; Frank v. Wright, 140 Tenn. 535, 205 S. W. 434.

For the reasons indicated the judgment will be reversed and the case remanded for a new trial. Costs of appeal will be taxed to plaintiff and other costs left to abide the final result.

Hale and Howard, JJ., concur.