IN THE COURT OF APPEALS

FILED

December 7, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| BENNY E. SHOPE and wife, | ) | BRADLEY CIRCUIT |
| BETTY S. SHOPE, | ) | C. A. NO. 03A01-9508-CV-00288 |
| | ) | |
| | ) | |
| Plaintiffs-Appellants | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. EARLE G. MURPHY |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| RADIO SHACK, a division of | ) | AFFIRMED AND REMANDED |
| TANDY CORPORATION, and RADIO | ) | |
| SHACK, INC., a corporation doing | ) | |
| business in Bradley County, | ) | |
| Tennessee, | ) | |
| | ) | |
| Defendants-Appellees | ) | |

CONRAD FINNELL, Cleveland, for Appellants.

DANIEL J. RIPPER, Chattanooga, for appellees.

O P I N I O N

McMurray, J.

This is a premises liability action. The case was tried before a jury to the conclusion of the plaintiffs' proof. At the conclusion of the plaintiffs' proof, the defendants moved for a directed verdict which was granted. Judgment was entered in favor of the defendants. This appeal resulted. We affirm the judgment of the trial court.

The relevant facts are not in dispute. The plaintiff, Benny E. Shope was a business invitee in a Radio Shack store in Cleveland. He was a regular customer and a friend of the store manager, Chris Roberts. On the day of the accident he had gone into the defendants' store for the purpose of picking up a battery. After he concluded his business he was standing at the check-out counter talking to Mr. Roberts. As he turned to leave, he tripped over a display counter that was located some four and one-half to five feet from the check-out counter. The display counter was eighteen inches square at the base and twenty-four inches high, exclusive of the merchandise located on the counter. The plaintiff states that he took only one step backwards and tripped over the corner of the display. Several displays were aligned so that aisles were created from the front of the store to the rear and from side to side. The plaintiff acknowledged that he knew that the displays were there. No warning of any kind was given to the plaintiff by the defendants or any employee or agent of the defendants.

The trial court directed a verdict on the grounds that the display counters were open and obvious and that no duty on the part of the defendants existed.

The "open and obvious" rule as applied prior to the Supreme Court's decisions in McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992) and Perez v. McConkey, 872 S.W.2d 897 (Tenn 1994), generally stated, was as follows:

> The liability of the proprietor of a place of business to which the public is invited is based upon the duty to keep his premises in a reasonably safe condition for all persons who are lawfully on his premises and in the exercise of due care for their own safety. Liability is sustained on the ground of the owner's superior knowledge of a perilous condition on his premises and he is not liable for injuries sustained from dangers that are obvious, reasonably apparent or as well known to the invitee as to the owner. The invitee assumes all normal or obvious risks attendant on the use of the premises.

Kendall Oil Co. v. Payne, 41 Tenn. App. 201, 293 S.W.2d 40, 42 (Tenn. App. 1955).

The effect, if any, of McIntyre (adoption of comparative fault) and Perez (holding that implied assumption of risk is no longer a bar to recovery), on the open and obvious rule has not as yet been fully explained by the Supreme Court. Since McIntyre, however, this court has addressed the rule in at least two cases, i.e., Cooperwood v. Kroger Food Stores, Inc., opinion filed December 30, 1994, and Broyles v. City of Knoxville, opinion filed

3

August 30, 1995. (The Supreme Court granted permission to appeal in Cooperwood, however, the case was settled before argument. An application for permission to appeal has not been filed in Broyles.)

In both opinions of this court, it was decided that the "open and obvious" rule as it existed and was applied prior to McIntyre and Perez was no longer the law in this jurisdiction. The respective opinions concluded that the open and obvious rule must be restated to comport with the comparative fault doctrine and the abolition of the doctrine of implied assumption of risk as a bar to recovery.

In Broyles, we stated: "We adhere to the concept that there is no liability on the person or entity in control of premises if a person lawfully thereon fails to exercise reasonable care for his or her own safety or for dangers that are obvious, reasonably apparent, or as well known to the injured party as to the owner, operator or person in control of the premises, so long as the plaintiff's negligence is equal to or greater than the defendant's negligence, or in cases of multiple tortfeasors, the plaintiff's negligence is more than the combined fault of all tortfeasors. Otherwise stated, we are of the opinion that the duty of the plaintiff has not been changed but plaintiff's failure to meet her

4

duty must be compared to the negligence of the tortfeasor or tortfeasors."

We still adhere to the principle stated in Broyles and the result therein reached but because we feel that the statements in Broyles are not complete statements of prevailing law, we take this opportunity to revisit the open and obvious rule in an attempt to clarify the principle and avoid confusion.

It is clear from the Supreme Court's opinion in Eaton v. McClain, 891 S.W.2d 587 (Tenn. 1994), that the open and obvious rule has not been abrogated under circumstances where the application of the rule relieves the defendant from any duty toward the plaintiff. Simply stated, if the defendant owes no duty to the plaintiff, there is no negligence to compare.

In Eaton, the Supreme Court made the following observation:

> Although Tennessee law provides that premises owners owe invitees the duty to warn of latent or hidden dangers, this duty does not arise if the danger is open and obvious. Jackson v. Tennessee Valley Authority, 413 F. Supp. 1050, 1056 (M.D. Tenn. 1976).

Eaton, at page 595.

It is clear that in Eaton, the Supreme Court applied the rule as it existed before McIntyre and Perez. We believe, however, that

5

the rule applies only in those instances where there is a duty owed by the defendant to the plaintiff, which if not met, would constitute negligence. We take note that there were exceptions to the open and obvious rule long before the adoption of comparative fault by the Supreme Court. By way of example, an exception to the open and obvious rule is the "momentary forgetfulness" rule. See City of Knoxville v. Cox, 103 Tenn. 368, 53 S.W. 734 (1899); Mayor and Aldermen v. Cain, 128 Tenn. 250, 159 S.W. 1084 (1913) and Peters v. Tennessee Cent. Ry., 167 S.W.2d 973 (Tenn. 1943). Under the "momentary forgetfulness" rule, a plaintiff could avoid the bar of contributory negligence provided he could establish that the lapse of memory resulted from reasonable cause. We perceive no reason why the same reasoning cannot be applied under the concept of comparative fault. It would logically follow that if the defendant was a substantial factor in causing the momentary forgetfulness, he could be chargeable with negligence which would require a comparison of the plaintiff's negligence against the defendant's negligence in accordance with the rules adopted in McIntyre.

It is our considered opinion that the open and obvious rule has not been affected by McIntyre or Perez except in those unusual circumstances where negligence on the part of the defendant exists concurrently with the negligence of the plaintiff or, stated otherwise, under circumstances where a duty is owed by the

6

defendant to the plaintiff. In such cases, a comparison of negligence is required.

In this case, we are of the opinion that the "open and obvious" rule should be applied as it existed before McIntyre and Perez. There was no showing that the plaintiff suffered from any momentary forgetfulness as a result of any action or inaction on the part of the defendants or their agents. Further, there was no showing that the defendant or its employees or agents possessed any superior knowledge to that possessed by the plaintiff. Therefore, there was no duty on the part of the defendants to warn the plaintiff of the existence of the display counters located behind him. Absent a duty, there can be no negligence.

In our final analysis, we hold that the open and obvious rule is unaffected by McIntyre and Perez except under circumstances where a plaintiff was not barred by the rule under the law as it existed before the decisions in McIntyre and Perez. In those rare instances, the negligence of the respective parties or tortfeasors must be compared.

Where, as here, the facts are undisputed, whether a duty to warn exists is determined as a matter of law. See Reece ex rel Reece v. Lowe's of Boone Inc., 754 S.W.2d 67 (Tenn. App. 1988) and cases cited therein.

The circumstances to avoid the open and obvious rule are not present in this case. Accordingly, we affirm the judgment of the trial court. Costs of this cause are assessed to the appellants and this case is remanded to the trial court for collection thereof.


_____
Don T. McMurray, J.


CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Charles D. Susano, Jr., J.

IN THE COURT OF APPEALS

BENNY E. SHOPE and wife,           )        BRADLEY CIRCUIT
BETTY S. SHOPE,                    )        C. A. NO. 03A01-9508-CV-00288
                                   )
                                   )
        Plaintiffs-Appellants      )
                                   )
                                   )
                                   )
                                   )
                                   )
vs.                                )        HON. EARLE G. MURPHY
                                   )        JUDGE
                                   )
                                   )
                                   )
                                   )
                                   )
RADIO SHACK, a division of         )        AFFIRMED AND REMANDED
TANDY CORPORATION, and RADIO       )
SHACK, INC., a corporation doing)
business in Bradley County,        )
Tennessee,                         )
                                   )
        Defendants-Appellees       )


## <u>ORDER</u>

This appeal came on to be heard upon the record from the Circuit Court of Bradley County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

Accordingly, we affirm the judgment of the trial court. Costs of this cause are assessed to the appellants and this case is remanded to the trial court for collection thereof.

PER  CURI AM