# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| **BARRY SAWYER,** | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Dyer Circuit No. 96-4 |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **FIRST TENNESSEE BANK,** | ) | Appeal No. 02A01-9704-CV-00079 |
| **DYERSBURG, TENNESSEE and** | ) | |
| **SECURITY BANK,** | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

FILED

**April 27, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF DYER COUNTY
AT DYERSBURG, TENNESSEE

THE HONORABLE JOE G. RILEY, JUDGE

For the Plaintiff/Appellant:                    For the Defendants/Appellees:

Charles M. Agee, Jr.                            W. Stanworth Harris
Dyersburg, Tennessee                            Jackson, Tennessee

**REVERSED AND REMANDED**

HOLLY KIRBY LILLARD, J.

CONCUR:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

OPINION

This is a premises liability case. The plaintiff was injured when he encountered a drop-off between the parking lot of two banks. The defendant banks filed a motion for summary judgment, arguing that the drop-off was open and obvious. The trial court granted the summary judgment motion, from which the plaintiff appeals. We reverse.

On April 3, 1995, the plaintiff, Barry Sawyer ("Sawyer"), exited a cab and entered an Automated Teller Machine (ATM) located in the parking lot of First Tennessee Bank ("First Tennessee") in Dyersburg, Tennessee. This parking lot adjoins another parking lot owned by co-defendant, Security Bank. A curb and a two foot drop-off separate the two lots. After retrieving money from the ATM, Sawyer began walking across the First Tennessee parking lot toward the adjoining Security Bank parking lot. Sawyer put his money and his ATM card into his billfold as he walked. As he placed his billfold in his hip pocket, he reached the curb that separates the First Tennessee Bank lot from the Security Bank lot. Sawyer looked up just as he stepped over the curb, and was expecting the ground on the Security Bank lot to be level with the ground where he was standing. Instead of level ground on the other side of the curb, there was a two foot drop-off. Sawyer fell and broke his leg in the fall.

Sawyer filed a premises liability action against First Tennessee and Security Bank (collectively, the "Banks"), alleging that the Banks were negligent in constructing the parking lots in such a manner as to create the illusion that the lots were level, when instead there was a two foot drop-off below the curb separating the properties. Sawyer also alleged that the defendants were negligent in failing to post signs warning of the drop-off.

The Banks filed a motion for summary judgment, arguing that the two-foot drop-off between the parking lots was open and obvious to Sawyer and that the Banks therefore had no liability for Sawyer's injuries. After reviewing the parties' briefs and photographs of the curb and drop-off between the Banks' parking lots, the trial court granted the Banks' motion for summary judgment. From this order the plaintiff now appeals.

On appeal, Sawyer argues that the trial court erred in granting the Banks' motion for summary judgment. Sawyer points to the photographs in the record of the curb and drop-off between the parking lots, and argues that the photographs demonstrate that there is a genuine issue of material fact as to whether the lots were constructed in a manner that creates the illusion that the two lots are on the same level, when the curb is approached from the direction from which Sawyer

came. The defendants Banks argue that the drop-off is open and obvious, and that the trial court correctly granted the Banks' motion for summary judgment.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* at 210-11. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Id.* Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Id.*

In order to establish negligence, the plaintiff must demonstrate: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause." *Tracy v. Exxon Corp.*, No. 02A01-9512-CV-00277, 1996 WL 741876, at *1 (Tenn. App. Dec. 31, 1996) (citing *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993); *McClenahan v. Cooley*, 806 S.W.2d 767, 774 (Tenn. 1991); *Lindsey v. Miami Development Corp.*, 689 S.W.2d 856, 858 (Tenn. 1985)). Whether the defendant owed a duty to the plaintiff is a question of law for the trial court to determine. *Id.* (citing *Bradshaw v. Daniel*, 854 S.W.2d at 869).

"Liability in premises liability cases stems from superior knowledge of the condition of the premises." *Ogle v. Winn-Dixie Greeneville, Inc.*, 919 S.W.2d 45, 46 (Tenn. App. 1995) (citing *McCormick v. Waters*, 594 S.W.2d 385, 387 (Tenn. 1980)). Tennessee law places a duty on land owners to warn guests and patrons of "latent or hidden dangers." *Eaton v. McLain*, 891 S.W.2d 587, 595 (Tenn. 1994). The justification for this rule is the premise that landowners are usually familiar with hidden dangers that a visitor to the premises may not anticipate. *Kendall Oil Co. v. Payne*, 41 Tenn. App. 201, 293 S.W.2d 40, 42 (Tenn. App. 1955). "[T]his duty does not arise if the

2

danger is open and obvious." ***Eaton***, at 595 (citing ***Jackson v. Tennessee Valley Authority***, 413 F. Supp. 1050, 1056 (M.D. Tenn. 1976); ***Odum v. Haynes***, 494 S.W.2d 795, 800 (Tenn. App. 1972)). The "open and obvious" rule can be described as follows:

> The liability of the proprietor of a place of business to which the public is invited is based upon the duty to keep his premises in a reasonably safe condition for all persons who are lawfully on his premises and in the exercise of due care for their own safety. Liability is sustained on the ground of the owner's superior knowledge of a perilous condition on his premises and he is not liable for injuries sustained from dangers that are obvious, reasonably apparent or as well known to the invitee as to the owner. The invitee assumes all normal or obvious risks attendant on the use of the premises.

***Kendall Oil Co. v. Payne***, 41 Tenn. App. 201, 293 S.W.2d 40, 42 (Tenn. App. 1955). This rule originated prior to Tennessee's adoption of comparative fault.

Since the adoption of comparative fault in ***McIntyre v. Balentine***, 833 S.W.2d 52 (Tenn. 1992), Tennessee courts have attempted to reconcile the open and obvious rule with the doctrine of comparative fault. In ***Eaton v. McLain***, 891 S.W.2d 587, 595 (Tenn. 1994), the Tennessee Supreme Court stated: "[a]lthough Tennessee law provides that premises owners owe invitees a duty to warn of latent or hidden dangers, this duty does not arise if the danger is open and obvious." Some intermediate appellate decisions have stated that the adoption of comparative fault does not impact the open and obvious rule. ***See Tracy v. Exxon Corp.***, No. 02A01-9512-CV-00277, 1996 WL 741876 (Tenn. App. Dec. 31, 1996); ***Valentine v. Weatherford***, No. 02A01-9511-CV-00264, 1996 WL 741878 (Tenn. App. Dec. 31, 1996); ***Jones v. Exxon Corp.***, No. 02A01-9507-CV-00159, 1996 WL 482674 (Tenn. App. Aug. 27, 1996); ***Shope v. Radio Shack***, No. 03A01-9508-CV-00288, 1995 WL 733885 (Tenn. App. Dec. 7, 1995).

Other intermediate appellate decisions have held the open and obvious rule does not bar recovery; rather the trier of fact compares the defendant's negligence to the plaintiff's negligence in failing to exercise reasonable care regarding a danger that is "obvious, reasonably apparent, or as well known to the injured party as to the owner. . . ." ***Coln v. City of Savannah***, No. 02A01-9507-CV-00152, 1996 WL 544652 at *3 (Tenn. App. Sept. 25, 1996), *reversed*, No. 02501-9702-CV-00008 (slip. op.) (Tenn. March 30, 1998); ***see also Broyles v. City of Knoxville***, No. 03A01-9505-CV-00166, 1995 WL 511904 (Tenn. App. Aug. 30, 1995); ***Hazelwood v. Certainteed Corp.***, No. 02A01-9405-CV-00106, 1995 WL 676042 (Tenn. App. Nov. 14, 1995); ***Cooperwood v. Kroger Food Stores***, No. 02A01-9308-CV-00182, 1994 WL 725217 (Tenn. App. Dec. 30, 1994).

The Tennessee Supreme Court has recently determined the status of the open and obvious rule after ***McIntyre v. Ballentine***, 833 S.W.2d 52 (Tenn. 1992). ***See Coln v. City of Savannah***, No. 02-S-01-9702-CV-00008 (slip op.) (Tenn. Mar. 30, 1998). However, the Court's decision in ***Coln*** does not affect our conclusion in this case.

Sawyer testified in his deposition that this was the first time he had walked in that direction from one bank parking lot to the other. He testified that from the direction he was walking the lot on the other side of the curb "just looked level to me . . . ." The photographs in the record show two parking lots separated by a curb and a drop-off of approximately two feet. From the lower level lot, the rise of approximately two feet at the curb is, of course, obvious. From the direction in which the plaintiff was walking, however, the difference in elevation cannot be deemed obvious. The color of the pavement in the lower lot was darker than the pavement in the higher lot, obscuring the different levels.

From the plaintiff's testimony and the photographs, and taking the strongest legitimate view of the evidence in favor of the non-moving party, there appears to be a disputed issue of fact as to whether the parking lots were constructed in such a manner as to create the illusion that the two lots were at the same level, and whether the difference in elevation would have been noticed by a reasonable person in the plaintiff's position. Consequently, we conclude that the trial court erred in granting the defendant Banks' motion for summary judgment.

The decision of the trial court is reversed and the cause is remanded for further proceedings consistent with this Opinion. Costs are assessed against the Appellees, for which execution may issue if necessary.

            **HOLLY KIRBY LILLARD, J.**

**CONCUR:**

**ALAN E. HIGHERS, J.**

**DAVID R. FARMER, J.**

4