| | | |
|---|---|---|
| KATHLEEN M. LYLE, | ) | |
| | ) | **Davidson Circuit** |
| Plaintiff/Appellant, | ) | **No. 96C-4413** |
| | ) | |
| VS. | ) | |
| | ) | **Appeal No.** |
| MICHELSON ASSET MANAGEMENT, INC., | ) | **01A01-9710-CV-00549** |
| and | ) | |
| CREEKSTONE APARTMENTS ASSOCIATES, | ) | |
| L.P. | ) | |
| and | ) | |
| CREEKSTONE MANAGEMENT, L.L.C., | ) | |
| | ) | |
| Defendants/Appellees, | ) | |

**FILED**

**June 19, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE DAVIDSON COUNTY CIRCUIT COURT
AT NASHVILLE, TENNESSEE

HONORABLE WALTER C. KURTZ, JUDGE

Cleve Weathers, #2418
BRUCE, WEATHERS, CORLEY, DUGHMAN & LYLE
First American Center
Suite 2075
315 Deaderick Street
Nashville, Tennessee 37238-2075
ATTORNEY FOR PLAINTIFF/APPELLANT

William B. Jakes, III, #10247
HOWELL & FISHER
Court Square Building
300 James Robertson Parkway
Nashville, Tennessee 37201
ATTORNEY FOR DEFENDANT/APPELLEE

VACATED AND REMANDED

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
WILLIAM C. KOCH, JR., JUDGE
WILLIAM B. CAIN, JUDGE

KATHLEEN M. LYLE,                          )
                                           )        **Davidson Circuit**
      **Plaintiff/Appellant,**          )        **No.  96C-4413**
                                           )
**VS.**                                    )
                                           )
                                           )        **Appeal No.**
**MICHELSON ASSET MANAGEMENT, INC.,**  )    **01A01-9710-CV-00549**
**and**                                    )
**CREEKSTONE APARTMENTS ASSOCIATES,**)
**L.P.**                                   )
**and**                                    )
**CREEKSTONE MANAGEMENT, L.L.C.,**         )
                                           )
      **Defendants/Appellees,**         )

# O P I N I O N

The appellant, Kathleen M. Lyle, has appealed from a summary judgment dismissing her suit against her landlord, the captioned defendants, for injuries received in a slip and fall on a common area of the leasehold premises.

The judgment of the Trial Court states:

> Based on the motion of the defendants, the deposition of the plaintiff and the affidavits filed by both parties and their witnesses and the briefs and arguments of counsel, the Court finds that the defect or dangerous condition complained of by the plaintiff was equally obvious to both parties and that the plaintiff is therefore barred by her own negligence.  It is therefore ORDERED that the plaintiff's complaint be dismissed at the costs of the plaintiff.

It has been held that the controller of a premises is not liable for injury resulting from a condition of the premises which is open and obvious.  *McCormick v. Waters*, Tenn. 1980, 594 S.W.2d 385; *Kendall Oil Co. v. Payne*, Tenn. App. 293 S.W.2d 40 (1955).

However, on March 30, 1998, the Supreme Court announced its opinion in the case of *Coln v. City of Savannah* and *Vancleave v. Markowski* which states:

> We agree with the rationale of the majority of courts which have limited or restricted the traditional "open and obvious" rule in favor of the Restatement approach. We also agree that attempting to analyze the duty issue simply by labeling some conditions "open and obvious," without consideration of any surrounding circumstances, promotes

arbitrary and inconsistent results. Moreover, the open and obvious rule is inconsistent with our cases which analyze duty by balancing foreseeability and gravity of harm with feasibility and availability of alternatives that would have avoided the harm.

- - - -

Accordingly, while we restrict the once broad application of the "open and obvious" doctrine, we stress that duty remains a separate component of a plaintiff's negligence action. As we said in *Blair v. Campbell*, 924 S.W.2d 75 (Tenn. 1996), "our adoption of the principles of comparative fault did not alter the analysis applicable to the common law concept of duty ... and it is beyond dispute that duty is a question of law for the trial court's determination." Thus, only after a duty is established does comparative fault come into play.

- - - -

We reject the defendants' contentions that restriction of the open and obvious danger rule will preclude the trial court from applying mechanisms such as summary judgment and directed verdict to evaluate cases. By retaining the separate analysis of duty, and not totally subsuming all cases by applying comparative fault, the mechanisms of summary judgment and directed verdict remain viable to evaluate cases at preliminary states in the proceedings.

The judgment of the Trial Court, quoted above, is based specifically and solely upon the absolute defense of "open and obvious danger," which was recognized at the time of the rendition of the judgment. However, the opinion of the Supreme Court, quoted above, requires that the judgment of the Trial Court be vacated without prejudice to further pleadings, evidence, consideration and rulings of the Trial Court consistent with the latest ruling of the Supreme Court.

The judgment of the Trial Court is vacated, and the cause is remanded for further appropriate proceedings.  Costs of this appeal are taxed against the appellees.

-4-

**VACATED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE