| DORIS KEOWN, | ) | |
|---|---|---|
| | ) | Davidson Circuit |
| Plaintiff/Appellant, | ) | No. 96C-2810 |
| | ) | |
| VS. | ) | |
| | ) | |
| FIDDLER'S INN, d/b/a FIDDLERS INN | ) | Appeal No. |
| NORTH and JAH, INC., | ) | 01A01-9712-CV-00730 |
| | ) | |
| Defendants/Appellees. | ) | |

**FILED**

**September 14, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE BARBARA N. HAYNES, JUDGE

David B. Lyons, #11046
601 Woodland Street
Nashville, Tennessee 37206
ATTORNEY FOR PLAINTIFF/APPELLANT


Scott A. Rhodes, #16870
BREWER, KRAUSE & BROOKS
P.O. Box 23890
Nashville, Tennessee 37202-3890
ATTORNEY FOR DEFENDANTS/APPELLEES


### REVERSED AND REMANDED.


HENRY F. TODD, JUDGE


CONCUR:

BEN H. CANTRELL, JUDGE
WILLIAM B. CAIN, JUDGE

| DORIS KEOWN, | ) | |
|---|---|---|
| | ) | **Davidson Circuit** |
| Plaintiff/Appellant, | ) | No. 96C-2810 |
| | ) | |
| VS. | ) | |
| | ) | |
| FIDDLER'S INN, d/b/a FIDDLERS INN | ) | **Appeal No.** |
| NORTH and JAH, INC., | ) | 01A01-9712-CV-00730 |
| | ) | |
| Defendants/Appellees. | ) | |

# O P I N I O N

This is a premises liability case in which the plaintiff, Doris Keown, sued the defendants, owner and tenant, for injuries sustained by plaintiff in a fall allegedly caused by a 3 inch rise from a parking area to the concrete walkway at the entrance of a hotel. The Trial Judge rendered summary judgment for the defendants, and plaintiff appealed. The sole issue on appeal is the correctness of the summary judgment.

Heretofore actions for defective premises have been subject to summary dismissal under the "open and obvious risk." However, on March 30, 1998, the Supreme Court revised the rule in *Coln v. City of Savannah*, Tennessee, Tenn. 1998, ___ S.W.2d ___, in which the Court said:

> In June of 1992, the City of Savannah ("City") contracted to have decorative brick pavers installed in front of the entrance of its City Hall building. The brick pavers were installed on top of a bed of sand in an area approximately thirteen and one-half feet wide by sixteen and one-half feet long; the surface of the pavers when installed was below the level of the adjacent concrete sidewalk that led to the door of the City Hall building.

> On November 2, 1992, the plaintiff, Hazel Coln, who was 68 years of age, walked across the brick pavers toward the entrance of the building and tripped on the lip of the concrete sidewalk adjacent to the brick pavers. She fell, injuring her left wrist and arm. Coln conceded that the weather had been clear and sunny, and that nothing prevented her from seeing the brick pavers or the sidewalk.

> William Gilchrist, the landscape designer who installed the brick pavers, testified that there was a deviation approximately three-eighths of an inch between the pavers and sidewalk when the pavers were installed. Gilchrist testified that the deviation was due to the settling of sand beneath the pavers. Gilchrist told Bill Fox, the assistant

manager of the City, that a deviation existed and that half of the pavers would have to be replaced to correct the deviation.

Fox testified that he knew about the deviation between the pavers and the sidewalk, but felt that it was acceptable and should not be corrected. Paul Lebovitz, a landscape architect, testified that it is reasonable to expect some deviation between the two surfaces when pavers are installed near a concrete sidewalk but that pavers are accepted in the industry as a safe walkway material. There was also evidence that the size of the deviation was several inches greater at the time the plaintiff was injured.

The plaintiffs alleged that the City "had negligently and carelessly left [the area of the new brick pavers] defective and in disrepair" and that the City had created "a dangerous condition for the plaintiff and any other person walking down said sidewalk.

- - - -

In each of these premises liability cases, the plaintiff contends that the open and obvious rule does not preclude finding a duty owned by the defendant landowner that an open and obvious danger is merely a factor for consideration in determining comparative fault under McIntyre v. Balentine. The landowner defendants in both cases maintain that the rule is intact; that there is no duty of care when an open and obvious condition results in injury to the plaintiff. The City of Savannah in Coln also contends that the plaintiff was at least 50 percent negligent, barring recovery under comparative fault. The Court of Appeals' analysis in each case reflects the conflicting views about duty and comparative fault it has expressed in a series of its unpublished decisions.

- - - -

A negligence claim requires proof of the following elements: (1) a duty of care owned by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. Bradshaw v. Daniel, 854 S.W.2d 865, 869 (Tenn. 1993).

- - - -

## OPEN AND OBVIOUS DOCTRINE

In premises liability cases, application of duty principles resulted in imposing a duty on an owner or possessor of premises to exercise reasonable care under the circumstances to a guest (licensee) or business invitee. The duty includes the responsibility of either removing or warning against any latent or hidden dangerous condition on the premises of which one was aware or should have been aware through the exercise of reasonable diligence. Eaton v. McLain, 891 S.W.2d 587, 594 (Tenn. 1994); Smith v. Inman Realty Co., 846 S.W.2d 819, 823 (Tenn. App. 1992).

Because the rationale for the imposition of this duty was partly the "owner's superior knowledge of a perilous

condition on his premises," a rule of no-liability also was derived: that a premises owner has no liability for injuries sustained from dangers that were "obvious, reasonably apparent, or as well known to the invitee [or licensee} as to the owner." Kendall Oil Co. V. Payne, 293 S.W.2d 40, 42 (Tenn. App. 1955; see also McCormick v. Waters, 594 S.W.2d 385, 387 (Tenn. 1980).

- - - -

Nearly every jurisdiction has also relied upon the Restatement (Second) of Torts, § 343A, which states the rule as follows:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
>
> - - - -
>
> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.

- - - -

## TENNESSEE LAW

We agree with the rationale of the majority of courts which have limited or restricted the traditional "open and obvious" rule in favor of the Restatement approach. We also agree that attempting to analyze the duty issue simply by labeling some conditions "open and obvious," without consideration of any surrounding circumstances, promotes arbitrary and inconsistent results. Moreover, the open and obvious rule is inconsistent with our cases which analyze duty by balancing foreseeability and gravity of harm with feasibility and availability of alternatives that would have avoided the harm.

We deem the Restatement approach to be the better reasoned and more persuasive analysis.

- - - -

We find that the City owned a duty of care under the facts of this case. The deviation between the surface of the brick pavers and concrete sidewalk created a foreseeable probability of harm. Although the deviation was open and noticeable to a degree, it is significant that the deviation was in an area that had to be navigated in order to gain access to

the City Hall building. It is also significant that the City had actual knowledge of the deviation when the pavers were installed and was aware of the availability of corrective action." Despite such knowledge and the foreseeable risk of harm to persons who entered the City Hall building, the City took no steps to remove or warn against the danger. In our view, the risk of harm was unreasonable despite its open and obvious nature and the foreseeability and gravity of harm, therefore, outweighed the burden imposed in protecting against that harm. See McCall v. Wilder, 913 S.W.2d at 153.

- - - -

The evidence in this record, reviewed with the presumption of correctness, supports the trial court's finding that the sidewalk was defective, unsafe or dangerous, as well as the finding that the City had actual notice of the condition. Tenn. R. App. P. 13(d). Moreover, because we have held that comparative fault applies to conduct that is broader than negligence, such as strict liability in tort, see, e.g., Whitehead v. Toyota Motor Corp., 897 S.W.2d 684 (Tenn. 1995). We observe that the trial court's application of comparative fault principles under Tenn. Code Ann. § 29-20-203 was entirely consistent with McIntyre v. Balentine, supra. See Bradford v. City of Clarksville, 885 S.W.2d 78 (Tenn. App. 1994).

- - - -

Summary judgment is appropriate only if the moving party shows that no genuine and material factual issue exists and he or she is entitled to relief as a matter of law. In ruling on such a motion, the court must consider the evidence in a light most favorable to the non-moving party and must allow all reasonable inferences in his or her favor. A summary judgment may be appropriate, therefore, "when there is no dispute over the evidence establishing the facts that control the application of a rule of law." Byrd v. Hall, 847 S.W.2d at 214-215, Tenn. R. Civ. P. 56.

- - - -

## CONCLUSION

We conclude that an open and obvious danger that causes an injury to a plaintiff does not automatically result in a finding of no duty and no landowner liability. As in any negligence action, a risk is unreasonable and gives rise to a duty if the foreseeability and gravity of harm posed by a defendant's conduct, even if open and obvious, outweigh the burden upon the defendant to engage in conduct that would have prevented the harm.

In the present case, the Trial Court made no finding of fact, but the motion of defendants for summary judgment stated:

Comes now Defendant, JAH, Inc. (Hereinafter "JAH"), pursuant to Tennessee Rule of Civil Procedure 56, and moves this Court for an order granting summary judgment in its favor. JAH owed no duty to Plaintiff Keown because the hazard she complains of was open and obvious.

Further, the Court should find Keown's negligence was fifty percent or more as a matter of law under the circumstances of this case.

The affidavit of the hotel manager stated:

5.     I was in an office off the lobby area of the hotel when Doris Keown fell.  I heard a crash and went quickly to the entrance.  I saw her head resting against the door and she was lying on the sidewalk.  The entrance where she fell is located on the east side of the hotel and there are benches adjacent to it.

6.     The sidewalk in front of the entrance is composed of a brown aggregate known as Futura Stone Outdoor Surface Covering.

7.     I have measured the height of the sidewalk in front of this particular entrance.  It is approximately three and one-half inches high.

Plaintiff relied upon a deposition of a consulting engineer that the paving of the parking lot was a different color from that of the sidewalk and that the "step up" of approximate 3-1/2 inches was readily discernable at some distance, but that it was not discernable from a short distance because the color of the vertical face of the sidewalk was the same as the horizontal face of the sidewalk.

Plaintiff's other expert testified of  various "standards" and "codes" which were not shown to be locally applicable or applicable to the facts of the present case.

Nevertheless, the decision of the Supreme Court in *Coln v. City of Savannah*, quoted above, requires a re-evaluation of the summary judgment in the light of the law declared in Coln and its applicability to the facts of the present case.

Where reasonable minds might differ as to degree of fault, summary judgment on this issue is not in order.

The summary judgment in favor of defendants is reversed, and the cause is remanded to the Trial Court for further proceedings and final disposition. Costs of this appeal are assessed against the defendants.

**REVERSED AND REMANDED.**

_____
HENRY F. TODD, JUDGE

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM B. CAIN, JUDGE