FILED

11/06/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 10, 2017 Session

## RAY W. BUCK v. ACCURATE C & S SERVICES, INC., ET AL.

**Appeal from the Circuit Court for Anderson County**
**No. B5LA0049     Donald Elledge, Judge**

_____

### No. E2017-00231-COA-R3-CV

_____

Ray W. Buck ("Plaintiff") appeals the January 4, 2017 order of the Circuit Court for Anderson County ("the Trial Court") granting summary judgment to Accurate C & S Services, Inc. ("Accurate") and R&R Properties of Tennessee, LLC ("R&R") in this suit for premises liability.  We find and hold that the defendants made properly supported motions for summary judgment and that Plaintiff failed to respond with genuine disputed issues of material fact showing that a rational trier of fact could find in his favor.  We, therfore, affirm the grant of summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

J. Timothy Bobo, Clinton, Tennessee, for the appellant, Ray W. Buck.

W. Tyler Chastain, Knoxville, Tennessee, for the appellee, Accurate C & S Services, Inc.

Kenneth W. Ward and Hannah S. Lowe, Knoxville, Tennessee, for the appellee, R&R Properties of Tennessee, LLC.

# OPINION

## Background

On April 11, 2014, Plaintiff went to the business premises of Accurate located in Oak Ridge, Tennessee ("the Premises") to undergo drug testing mandated by Plaintiff's employer. Accurrate leased the Premises from R&R. Plaintiff had been to the Premises one other time, in June of 2013, for the same purpose.

When Plaintiff exited his car in Accurate's parking lot on April 11, 2014, he was talking on his cell phone. Plaintiff walked to the front door of the Premises and stood with his back to the door while he concluded his phone call. After concluding his phone call, Plaintiff turned to his left to open the front door of the Premises.

Plaintiff stepped through the doorway of the Premises with his right foot with no problem. When Plaintiff stepped with his left foot his toe caught on a rise in the door frame, and Plaintiff tripped and fell. The parties agree that there is a raised metal frame at the entryway of the Premises. Accurate asserted that the frame is "raised approximately ¾ of an inch from the sidewalk . . . ." Plaintiff claimed to be without knowledge as to the precise height of the metal frame.

Plaintiff filed suit against Accurate and R&R in March of 2015 alleging that the threshold at the Premises was unreasonably dangerous. Both Accurate and R&R filed motions for summary judgment arguing, in part, that Plaintiff could not establish the existence of a dangerous or defective condition, could not establish actual or constructive notice of any dangerous condition giving rise to a duty to warn, and that reasonable minds could only conclude that Plaintiff's fault was 50% or greater.

The motions for summary judgment were supported, in part, by photographs of the doorway of the Premises, the deposition testimony of Caleb Lewis, and Plaintiff's deposition testimony. Mr. Lewis testified that he is the site supervisor for Accurate. Mr. Lewis stated that he has met Plaintiff and had "tested [Plaintiff] twice." Mr. Lewis testified that there was no tripping hazard in the doorway of the Premises.

During his deposition, Plaintiff testified that he had his cell phone in his hand as he entered the Premises. Plaintiff admitted in his response to the defendants' statements of undisputed material facts that he never looked down to examine the threshold. He stated that when opening the door, he was "focused on activating the knob and reading the signage on the door."

Plaintiff described that he stepped through the doorway with his right foot with no issue and then the "tip of [his] shoe, left shoe, caught on the raised left side of the threshold and caused [him] to fall forward." Plaintiff further described:

> I fell full forward into their office. It's a concrete floor with very thin commercial carpeting on it, and I fell somewhat on my left side. I skint my left elbow, my left knee, and just did kind of a whiplash number with my - - with my head and neck when I went down. I pulled my head back quickly to try to avoid hitting my head on the concrete floor, too, and I was, I guess, somewhat stunned would be the best way to describe how I felt and what happened. . . . I put both my left and my right hand forward to try to reduce the speed that I was about to connect to the concrete floor and to try to protect myself as much as possible.

Plaintiff could not recall the door hitting him when he fell. He stated: "I believe that I had cleared the door." Plaintiff could not recall if he still had his cell phone in his hand or "if it flew out of [his] hand" when he fell. The cell phone did not break when Plaintiff fell. Nor did the eyeglasses that Plaintiff was wearing. Plaintiff could not recall if his glasses came off of his face when he fell. Plaintiff stated that after he fell his feet were "maybe two feet - - two foot inside the threshold," and that there was no one in the lobby when he fell. Plaintiff admitted in his response to the statements of undisputed material facts that he has not uncovered any reports of other falls at the Premises.

Plaintiff responded to the motions for summary judgment arguing: "It appears from the photographic evidence submitted by Accurate with its Motion that the entryway to the premises is not in compliance with Federal safety regulations enacted pursuant to the Americans with Disabilities Act (ADA). It may be that, since the regulation was enacted specifically to minimize tripping hazards, such non-compliance may be sufficient evidence to determine that Accurate's entryway posed an unreasonable tripping hazard." Plaintiff, however, did not plead any claims with regard to the Americans with Disabilities Act ("ADA") in his complaint, and he produced no evidence whatsoever with regard to the ADA in response to the motions for summary judgment. Plaintiff simply argued that the entryway to the Premises may not be ADA compliant and that this might matter. Plaintiff produced no other evidence in response to the motions for summary judgment.

After a hearing, the Trial Court entered its order on January 4, 2017, granting summary judgment to Accurate and R&R after finding and holding, *inter alia*, that the material facts in this case were undisputed and that "there are some additional statements made by counsel for the Plaintiff, but those don't really comply with Rule 56.03. They are - - it's simply an argument of law." Specifically, the Trial Court found that it was

undisputed that Plaintiff was not paying attention, that Plaintiff did not look down, that Plaintiff had crossed the threshold on a previous occasion with no issue, and that there was no evidence of previous falls at that location and no prior notice of a hazardous condition. In its memorandum opinion incorporated into the January 4, 2017 order, the Trial Court stated: "that by looking at the picture [the photo of the doorway], this appears to be a typical entranceway to an interior of a building. When you - - when counsel came to court today, I - - I would - - I would say that you had to cross through a threshold; you had to go through an open door to get there." The Trial Court certified its order as final pursuant to Tenn. R. Civ. P. 54.02 because there remained a pending cross-claim by R&R against Accurate which was held in abeyance pending this appeal. Plaintiff appeals to this Court.

## Discussion

Although not stated exactly as such, Plaintiff raises one issue on appeal: whether the Trial Court erred in granting summary judgment to Accurate and R&R. As our Supreme Court has instructed:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

> * * *

> [I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is

4

appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id*. When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Cntr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015).

With regard to negligence, our Supreme Court has explained:

As we have frequently observed, a negligence claim requires a plaintiff to prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation. *See, e.g., Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993). The duty element is a question

5

of law requiring the court to determine "whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant." *Id*. at 870 (quoting W. Page Keeton, *Prosser & Keeton on Torts*, § 37 at 236 (5th ed.1984)). Appellate review of a question of law is de novo. *Bradshaw*, 854 S.W.2d at 870.

In analyzing duty, the court must balance the foreseeability and gravity of the potential risk of harm to a plaintiff against the burden imposed on the defendant in protecting against that harm. *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 902 (Tenn. 1996). A "risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

In a premises liability case, an owner or occupier of premises has a duty to exercise reasonable care with regard to social guests or business invitees on the premises. The duty includes the responsibility to remove or warn against latent or hidden dangerous conditions on the premises of which one was aware or should have been aware through the exercise of reasonable diligence. *See Blair v. Campbell*, 924 S.W.2d 75, 76 (Tenn. 1996); *Eaton v. McLain*, 891 S.W.2d 587, 593–94 (Tenn. 1994). Although the traditional rationale for imposing this duty was the owner's superior knowledge of conditions on the premises, *see e.g., Kendall Oil v. Payne*, 41 Tenn. App. 201, 293 S.W.2d 40, 42 (Tenn. App. 1955), we recently held that a duty may exist even where the injury-causing condition is alleged to be "open and obvious" to the plaintiff. We explained:

> That a danger to the plaintiff was 'open or obvious' does not, *ipso facto*, relieve a defendant of a duty of care. Instead, the duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm. The factors provided in the Restatement (Second) of Torts, § 343(A) relate directly to the foreseeability question; in short, if the foreseeability and gravity of harm posed from a defendant's conduct, even if 'open and obvious,' outweighed the burden on the defendant to engage in alternative conduct to avoid the harm, there is a duty to act with reasonable care.

*Coln v. City of Savannah*, 966 S.W.2d 34, 43 (Tenn. 1998).

The duty imposed on the premises owner or occupier, however, does not include the responsibility to remove or warn against "conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care." *Prosser and Keeton on Torts*, supra, § 61 at 426. In this regard, "the mere existence of a defect or danger is generally insufficient to establish liability, unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it." *Id*. at 426–27. As we explained in *Doe v. Linder Const. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992):

> Foreseeability is the test of negligence. If the injury which occurred could not have been reasonably foreseen, the duty of care does not arise, and even though the act of the defendant in fact caused the injury, there is no negligence and no liability. '[T]he plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, *and that some action within the [defendant's] power more probably than not would have prevented the injury*.'

(emphasis added) (citations omitted).

*Rice v. Sabir*, 979 S.W.2d 305, 308-09 (Tenn. 1998) (footnote omitted). In *Staples v. CBL & Assocs., Inc.*, our Supreme Court instructed:

> In negligence cases, only after the element of duty is established does the comparative fault of the plaintiff come into play. *See Coln v. City of Savannah*, 966 S.W.2d [34] at 42 [ (Tenn. 1998) ]. If the defendant has plead the affirmative defense of the plaintiff's relative fault, the reasonableness of the plaintiff's conduct in confronting a risk should be determined under the principles of comparative fault. *See Perez v. McConkey*, 872 S.W.2d 897, 905 (Tenn. 1994). If the evidence is evaluated in the light most favorable to the plaintiff and reasonable minds could not differ that her fault was equal to or great [sic] than that of the defendants, summary judgment in the defendant's favor may be granted. *See Coln v. City of Savannah*, 966 S.W.2d at 44.

*Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 91–92 (Tenn. 2000).

7

Accurate and R&R made properly supported motions for summary judgment showing that there was no tripping hazard or unreasonably dangerous condition with regard to the doorway of the Premises, thereby demonstrating that Plaintiff's evidence at the summary judgment stage was insufficient to establish an essential element of Plaintiff's claim, *i.e.*, duty. The burden then shifted to Plaintiff to "respond, and by affidavits or one of the other means provided in Tennessee Rule 56, 'set forth specific facts' *at the summary judgment stage* 'showing that there is a genuine issue for trial.'" *Rye*, 477 S.W.3d at 265 (emphasis in original). Plaintiff produced no evidence whatsoever in response to the motions for summary judgment and, therefore, failed to satisfy this burden.

In his brief on appeal, Plaintiff argues there were disputed issues of fact with regard to the exact measurement of the rise in the doorframe, whether Plaintiff was paying attention, and whether there had been any prior falls at the Premises. Plaintiff admitted he had no proof of any prior falls at this location. Accurate and R&R admitted that there is a small rise in the doorframe of the Premises and submitted photographs of the doorway in support of their motion for summary judgment. Plaintiff, however, offered no proof as to the height of the rise. The Trial Court found that these photographs depict what "appears to be a typical entranceway to an interior of a building." Plaintiff presented to the Trial Court no proof to the contrary.

Furthermore, and even more importantly, Plaintiff failed to produce any evidence whatsoever showing that the rise in the doorframe constituted a dangerous condition giving rise to a duty to warn. In his response to the statement of undisputed material facts, Plaintiff asserts that "Accurate has not presented competent evidence regarding the height of the rise, and is therefore without adequate knowledge to affirmatively state the height of the rise under oath." This fact, however, is immaterial as Accurate and R&R admit that there is a rise, and Plaintiff produced no evidence whatsoever that the rise in the doorframe constitutes a dangerous condition giving rise to a duty to warn. Plaintiff failed to show that his alleged "injury was a reasonably foreseeable probability, not just a remote possibility, *and that some action within the [defendant's] power more probably than not would have prevented the injury*." *Rice*, 979 S.W.2d at 309 (quoting *Doe*, 845 S.W.2d at 178).

Plaintiff also argues in his brief on appeal that it appears that the doorframe may not be "in compliance with the Federal safety regulations enacted pursuant to the Americans with Disabilities Act ("ADA")." Plaintiff, however, never pled a claim pursuant to the ADA and submitted no evidence whatsoever in response to the motions for summary judgment with regard to the ADA.

In essence, Plaintiff argues in his brief on appeal that he perhaps could produce evidence at trial from which a jury could find in his favor. As our Supreme Court has clearly instructed, however: "The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial." *Rye*, 477 S.W.3d at 265. Furthermore, whether a duty existed is a question of law for the court. *Rice*, 979 S.W.2d at 308. Plaintiff failed to meet his burden at the summary judgment stage.

Accurate and R&R made properly supported motions for summary judgment shifting the burden to Plaintiff to show genuine disputed issues of material fact. Plaintiff failed to meet this burden. Given this, we find no error in the Trial Court's grant of summary judgment to Accurate and R&R.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Ray W. Buck, and his surety.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

9