# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

| | | |
|---|---|---|
| **ROBBIE ALLEN,** | ) | Shelby Circuit No. 69070 T.D. |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal No. w1999-00478-COA-R3-CV |
| | ) | |
| **VS.** | ) | **AFFIRMED** |
| | ) | |
| **PIGGLY WIGGLY MEMPHIS, INC.,** | ) | The Honorable Robert A. Lanier, Judge |
| | ) | |
| | ) | R. Linley Richter, Jr. |
| Defendant/Appellee. | ) | Memphis, TN |
| | ) | Attorney for Appellant |
| | ) | |
| | ) | Belynda R. Stroud |
| | ) | Memphis, TN |
| | ) | Attorney for Appellee |

**FILED**

March 31, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

---

## MEMORANDUM OPINION[1]

---

***HIGHERS, J.***

Appellant ("Allen") appeals the trial court's grant of Appellee's ("Store's") motion for summary judgment in this personal injury action. For the following reasons, the trial court's grant of Store's motion for summary judgment is affirmed.

### Facts and Procedural History

This appeal arises from a personal injury action instituted by Allen against Store based on Store's alleged negligence. The court below granted summary judgment in favor of Store. Allen appeals. For the purpose of this appeal, the facts as alleged by Allen are taken as true. These facts are as follows.

In the early afternoon of April 8, 1994, Allen was injured shortly after exiting Store. At the time of the fall, Allen was pushing a shopping cart down the asphalt ramp located between the exit doors and parking lot of Store. Allen fell, landing on both knees and her

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. – (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

hands. Allen claims she fell because of a slippery substance on the ramp. According to Allen, she injured her hands, knees and foot in the fall. Allen was wearing low-cut shoes with slick soles when she fell.

Investigation by the Store's assistant manager revealed that old flattened chewing gum about the size of a quarter was on the ramp. Approximately a dozen similar spots of gum were on the ramp at the time Allen fell. Store and Store's employees knew gum was on the ramp, but did not clean it up, and there was no procedure in place to remove the substance. Allen claims that the gum caused her fall and subsequent injuries.

Allen filed suit in Shelby County Circuit Court, claiming that Store was negligent in failing to inspect store premises and maintain premises in a safe condition. Allen sought recovery of one hundred and fifty thousand dollars in damages incurred as a result of the fall. Store filed a motion for summary judgment on the grounds that there were no genuine issues of material fact and that Store was entitled to judgment as a matter of law pursuant to Rule 56 of the Tennessee Rules of Civil Procedure. The court below granted Store's motion.

On appeal, Allen asserts that the trial court erred in granting summary judgment to Store. Allen claims that Store had a duty to maintain the entrance and exit of Store in a reasonably safe condition and that Store breached this duty by allowing gum to accumulate on the ramp. In addition, Allen asserts that Store breached its obligation of due care and caution owed to its customers.

**Analysis**

Whether the trial court erred in granting or denying a Rule 56 Motion for Summary Judgment is purely a question of law. See TENN. R. CIV. P. Rule 56.04. On review, no presumption of correctness attaches to the trial court's judgment. Therefore, our task is limited to determining whether the requirements for summary judgment have been met. Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn.1991). A Motion for

2

Summary Judgment should be granted only when there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, and the moving party is entitled to a judgment as a matter of law on the undisputed facts. Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn.1993); Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn.1991).

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. Byrd, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997).

As stated above, in reviewing whether summary judgment motion should be granted, the court must first determine whether there are any genuine issues of material fact. In this case, both Allen and Store agree that Allen slipped and fell on the asphalt ramp. Both parties admit that the only foreign substance on the ramp at the time of the fall were several spots of old flattened gum. Both parties also admit that the gum may have contributed to Allen's fall. Therefore, no genuine issues of material fact remain in dispute. After determining that there are no genuine issues of material fact, the court must then find that the moving party is entitled to judgment as a matter of law.

Under the facts presented in this case, this determination requires an analysis of premises liability law. In cases involving premises liability, the duty owed by the premises owner to an invitee is "a duty of reasonable care under all the circumstances." Eaton v. McLain, 891 S.W.2d 587, 593-94 (Tenn. 1994). Although the traditional rationale for imposing this duty was the owner's superior knowledge of conditions on the premises, see e.g., Kendall Oil v. Payne, 41 Tenn. App. 201, 293 S.W.2d 40, 42 (Tenn. Ct. App.1955),

3

the Tennessee Supreme Court has held that a duty may exist even where the injury-causing condition is alleged to be "open and obvious" to the plaintiff. Rice v. Sabir, 979 S.W.2d 305, 308-309 (Tenn. 1998).

The duty includes an obligation of the owner either to remove or warn against any latent, *dangerous condition* of which the owner is aware or should be aware through the exercise of reasonable diligence. Eaton, at 594; citing Kendall at 42 (emphasis added). However, as the Court stated in Rice, "The duty imposed on the premises owner or occupier, however, does not include the responsibility to remove or warn against *'conditions from which no unreasonable risk was to be anticipated*, or from those which the occupier neither knew about nor could have discovered with reasonable care." Rice at 308-309; citations omitted (emphasis added). In addition, the plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action by the Defendant would have probably prevented the injury. Eaton v. McLain, at 594; quoting Doe v. Linder Const. Co., 845 S.W.2d 173, 178 (Tenn.1992).

Under the standard stated above, Allen has failed to meet the requirements for recovery. An essential element in an action for premises liability is that the injury was caused by a dangerous or perilous condition. We are unpersuaded that gum on the ramp qualifies as such a condition, and Allen has failed to offer any evidence or relevant case law to support her contention. In addition, Allen has failed to prove that the injury she suffered was a reasonably foreseeable result of gum on the ramp. Store was entitled to judgment as a matter of law; the trial court did not err in granting Store's motion for summary judgment.

**Conclusion**

For the reasons set forth above, we affirm the trial court's grant of store's motion

4

for summary judgment.  Costs on appeal are taxed to the Appellant, Robbie Allen, for which execution may issue, if necessary.

 

 

 

 

_____

HIGHERS, J.

 

 

CONCUR:

 

 

_____

CRAWFORD, P.J., W.S.

 

 

_____

FARMER, J.