IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 18, 2006 Session

## RUBY POPE v. ERVIN BLAYLOCK, ET AL.

**A Direct Appeal from the Circuit Court for Shelby County**
**No. CT-003735-03     The Honorable James F. Russell, Judge**

---

**No. W2004-02981-COA-R3-CV - Filed March 7, 2006**

---

This is a premises liability case arising from Plaintiff/Guests' fall over a landscaping wall while walking down Defendants/Homeowners' walkway after dark. The trial court granted summary judgment to Defendants/Homeowners. Finding that there is a dispute of material fact as to whether the lighting conditions created a dangerous condition on the Defendants/Homeowners' property, and that *McIntyre* requires a comparison of the respective negligence of the parties, we reverse and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

James E. Blount, IV, of Memphis, Tennessee for Appellant, Ruby Pope

Gary R. Wilkinson and Forrest R. Jenkins,  Germantown, Tennessee for Appellees, Ervin Blaylock and Patricia Blaylock

#### OPINION

On July 16, 2002, Ruby Pope ("Plaintiff," or "Appellant") was a social guest at the home of Ervin and Patricia Blaylock (the "Blaylocks," "Defendants," or "Appellees"). This was Ms. Pope's first visit to the Blaylocks' home. She arrived at the Blaylocks' around 6:30 p.m., at which time it was still light enough for Ms. Pope to see her way up the Blaylocks' walkway, onto the porch, and into the house.

When Ms. Pope left the Blaylocks' house, it was dark outside. As Mrs. Blaylock was seeing her guests to the door, she received a telephone call. Her guests told her to answer the call and that they would see themselves out. No outdoor lighting was turned on. At the base of the Blaylocks' front porch steps, there is a brick retaining wall. This retaining wall abuts a walkway that is the only

means of ingress and egress to the Blaylock home. The wall is approximately a foot and one-half tall. As Ms. Pope exited the Blaylock house, she attempted to get a friend to help her down the stairs because she could not see. Another friend, who had already come down the stairs, then urged Ms. Pope down the stairs without aid. After Ms. Pope had negotiated the stairs, she turned to walk toward the driveway and tripped over the retaining wall and fell into the driveway. Following Ms. Pope's fall, someone attempted to turn on the porch light, only to find that it was not functioning.

On July 2, 2003, Ms. Pope filed a "Complaint for Personal Injuries" (the "Complaint") against the Blaylocks. The Complaint reads, in pertinent part, as follows:

> 6. This brick wall was placed or allowed to remain at the base of the Defendants' front porch steps by the Defendants although the Defendants knew or should have known of its existence thereon through the exercise of reasonable care and concern for others walking off the Defendants' unlighted front porch at night.
>
> 7. At all times relevant hereto, Plaintiff Ruby Pope was exercising due care and caution for her own safety.

### ACTS AND/OR OMISSIONS

> 8. Plaintiff charges and alleges that Defendant is guilty of one, some or all of the following acts and/or omissions which constitute common law negligence, to wit:
>
> > a. By unreasonably placing or allowing to be placed a latent and extremely dangerous condition in the path where Plaintiff was walking;
> >
> > b. By unreasonably permitting or allowing a latent and extremely dangerous condition to remain in the path where Plaintiff was walking;
> >
> > c. By unreasonably failing to remove a latent and extremely dangerous condition from the path where Plaintiff was walking;
> >
> > d. By unreasonably failing to properly and adequately supervise and oversee the premises so as to warn Plaintiff of a latent and extremely dangerous condition which existed in the path where Plaintiff was walking;

e. By unreasonably failing to provide adequate lighting around the section of the premises where a latent and extremely dangerous condition existed; and

f. By unreasonably failing to provide alternative means of travel around the section of the premises where a latent and extremely dangerous condition existed.

## INJURIES AND DAMAGES

9. As a direct and proximate result of one, some or all of the aforesaid acts and/or omissions of Defendant...Plaintiff, Ruby Pope, has been caused to sustain and suffer severe personal injuries and damages which include, but are not limited to, the following:

a. severe injury to her head, face, teethe [sic], and wrists;

b. Severe fright and shock;

c. Impairment of mobility;

d. Large medical expenses, both past and future;

e. Great physical pain and mental anguish.

## RELIEF

WHEREFORE, Plaintiff, Ruby Pope, sues the Defendants, Ervin and Patricia Blaylock, for the sum of SIXTY THOUSAND DOLLARS AND NO/100THS ($60,000) for personal injuries and damages, or for an amount that truth and justice demand.

On August 12, 2003, the Blaylocks filed their Answer, in which they generally deny the material allegations of the Complaint. The Answer asserts that any negligence was on the part of Ms. Pope, to wit:

12. Defendants allege that if the Plaintiff suffered any injuries, damages or losses as a result of the incident that is the subject of this lawsuit that it was the negligence of the Plaintiff, Ruby Pope, that was the sole and proximate and/or a contributing cause of the subject accident and that the recovery of the Plaintiff should be reduced

and/or barred thereby. The Defendants rely upon the Doctrine of Comparative Fault.

Specifically, Defendants allege that Plaintiff was guilty of negligence in one or more of the following ways:

a) Failing to look where she was going;
b) Failing to see what was there to be seen;
c) Failing to keep a proper lookout as to where and how she was proceeding;
d) Failing to devote full time and attention to her own acts;
e) Negligently and carelessly placing herself in such a position that she might be injured;
f) Failing to take proper and necessary precautions to avoid the accident and/or her injuries;
g) Failing to exercise reasonable and ordinary care for her own safety under the circumstances then and there existing.

On September 15, 2004, the Blaylocks filed a Motion for Summary Judgment, along with a Statement of Undisputed Material Facts in support thereof. The Motion was predicated on the grounds that the Blaylocks did not violate any duty of care owed to Ms. Pope, and that there were no genuine disputes as to any material fact. On or about November 5, 2004, Ms. Pope filed her Response to the Blaylocks' statement of undisputed fact.

Following a hearing on November 12, 2004, the trial court granted the Blaylocks' Motion for Summary Judgment by Order entered on December 10, 2004. Ms. Pope appeals and raises one issue for review as stated in her brief:

The trial court did not apply the correct legal standard in granting the Defendants' Motion for Summary Judgment because it failed to resolve all genuine issues of material fact.

It is well settled that a motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997). On motion for summary judgment, the court must take the strongest legitimate view of evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *See id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn.1993), our Supreme Court stated:

> Once it is shown by the nonmoving party that there is no genuine issue of material fact, the nonmoving party must them demonstrate, by affidavits or discovery material, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial.

*Id*. at 210-11 (citations omitted).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995). Because only questions of law are involved, there is no presumption of correctness regarding a trial court's grant or denial of summary judgment. *See Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's denial of summary judgment is *de novo* on the record before this Court. *See Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn.1997).

In order to bring a successful suit based on a claim of negligence, the plaintiff must establish: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause. *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn.1993) (citing *McClenahan v. Cooley*, 806 S.W.2d 767, 774 (Tenn.1991); *Lindsey v. Miami Dev. Corp.*, 689 S.W.2d 856, 858 (Tenn.1985)). Duty, the first element of the claim, is the legal obligation a defendant owes to a plaintiff to conform to the reasonable person standard of care in order to protect against unreasonable risks of harm. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995). Whether a defendant owes a duty to a plaintiff in any given situation is a question of law for the court. *Bradshaw*, 854 S.W .2d at 869.

In cases involving premises liability, the premises owner has a duty to exercise reasonable care under the circumstances to prevent injury to persons lawfully on the premises. *Eaton v. McLain*, 891 S.W.2d 587, 593 94 (Tenn.1994). This duty is based upon the assumption that the owner has superior knowledge of any perilous condition that may exist on the property. *See, e.g., Kendall Oil Co. v. Payne*, 293 S.W.2d 40, 42 (Tenn. Ct. App. 1955). The duty includes the obligation of the owner to maintain the premises in a reasonably safe condition and to remove or warn against latent or hidden dangerous conditions on the premises of which the owner is aware or should be aware through the exercise of reasonable diligence. *Eaton*, 891 S.W.2d at 593-94. However, our Supreme Court has held that a duty may exist even where the injury-causing condition is alleged to be open and obvious to the plaintiff:

> That a danger to the plaintiff was open and obvious does not, ipso facto, relieve a defendant of a duty of care. Instead, the duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would

have prevented the harm. The factors provided in the Restatement (Second) of Torts, § 343(A) relate directly to the foreseeability question; in short, if the foreseeability and gravity of harm posed from a defendant's conduct, even if open and obvious, outweighed the burden on the defendant to engage in alternative conduct to avoid the harm, there is a duty to act with reasonable care.

*Coln v. City of Savannah*, 966 S.W.2d 34, 43 (Tenn.1998).

In short, foreseeability is the gravamen of negligence. If the injury that occurred could not have been reasonably foreseen, the duty of care does not arise, and even though the act of the defendant in fact caused the injury, there is no negligence and no liability. The plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action within the [defendant's] power more probably than not would have prevented the injury. *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 178 (Tenn.1992) (citations omitted).

In her brief, Ms. Pope asserts that the trial court erred in granting summary judgment in favor of the Blaylocks because there are two material issues of fact in dispute in this case. First, she argues that there is a "dispute as to whether there existed a dangerous condition on the defendants' property. In other words, there is conflict as to the foreseeability of someone tripping over the retaining wall lining the Defendants' sidewalk." In her deposition, Ms. Pope concedes that there were no latent or hidden defects in the wall or in the walkway, to wit:

> Q. Okay. Do you [Ms. Pope] remember any defect in the wall itself? And what I'm asking is, loose bricks or bricks that had come off or anything of that nature?
>
> A. No.
>
> Q. Okay. And then [,on Exhibit 1,] where it is marked "sidewalk" there, closest to the house, do you have any recollection of any defects? And by that I mean, you know, holes in the concrete or loose rock or anything of that nature.
>
> A. No.

Ms. Pope also states that she arrived at the Blaylock home before sunset and walked up the walkway without incident. Even though Ms. Pope was somewhat familiar with the walkway and wall in the daylight owing to her arrival before nightfall, there is dispute in the record as to whether the same walkway and/or wall became a dangerous condition on the Blaylock property under cover of darkness. Although it is undisputed that the Blaylocks' porch light was not turned on when Ms. Pope left that evening, the question of whether the lighting (or lack thereof), as it existed at the time of the fall, was the cause in fact of Ms. Pope's accident, is still very much in

dispute in this record. In ***Evco Corp. v. Ross***, 528 S.W.2d 20 (Tenn. 1975), our Supreme Court stated:

> The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

***Id.*** at 24-25.

In their brief, the Blaylocks point out the fact that Ms. Pope undertook to traverse the walkway without requesting that the porch light be turned on. Consequently, the Blaylocks contend that Ms. Pope's carelessness for her own safety was the true cause in fact of this accident. From our reading of the record, there is evidence to suggest negligence on the part of both parties. However, since our Supreme Court's decision in ***McIntyre v. Balentine***, 833 S.W.2d 52 (Tenn. 1992), the proximate contributory negligence of the plaintiff is no longer a bar to any recovery. Rather, if the plaintiff's negligence is less than that of the tortfeasor, the plaintiff may recover damages reduced by a percentage of the plaintiff's own negligence. ***Id.*** at 57.

Given the factual dispute concerning the adequacy of the lighting at the time of the fall as that lighting relates to the one-and-one-half foot, brick border (i.e. whether this brick wall, by virtue of its low height and/or location, became a dangerous condition under the circumstances of this case) and the ***McIntyre*** requirement that the comparative negligence of these parties be weighed by a fact finder, we reverse the Order of the trial court granting summary judgment to the Blaylocks. The case is remanded for such further proceedings as may be necessary. Costs of this appeal are assessed to the Appellees, Ervin and Patricia Blaylock.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.