# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 22, 2012 Session

## TRENA WINKLER v. PINNACLE PROPERTIES I, LLC and ERSHIG PROPERTIES, INC.

**Appeal from the Circuit Court for Warren County**
**No. 3797     Judge Larry B. Stanley, Jr.**

_____

**No. M2011-02616-COA-R3-CV - Filed July 20, 2012**
_____

The plaintiff tripped and fell in a parking lot.  She sued the owners, claiming that the step up from the parking lot to a ramp leading onto the sidewalk was a hidden danger because it was painted the same color as the top surface of the ramp.  The court below granted the defendants a summary judgment, holding that the defendants had not violated any duty to the plaintiff and that the sole cause of the injury was the plaintiff's inattention to the surroundings.  After a review of the record, we hold that the defendants are not entitled to a judgment as a matter of law.  We therefore reverse the lower court's judgment and remand the cause for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

BEN H. CANTRELL, SR. J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

James Bryan Mosely, Nashville, Tennessee, for the appellant, Trena Winkler.

Daniel H. Rader III, Cookeville, for the appellee, Pinnacle Properties I, LLC, and Ershig Properties, Inc.

## OPINION

### I.  FACTS AND PROCEDURAL HISTORY

Ms. Winkler parked her car in the parking lot of the Three Stones Mall in McMinnville, Tennessee.  It was around noon on a clear day. She intended to purchase a few items at the Kroger store in the mall.

The parking lot is at an elevation approximately 6 inches lower than the sidewalk in front of the mall stores. Walking from the parking lot towards the Kroger store the plaintiff approached a ramp that had been constructed by the defendants rising from the parking lot up to the level of the sidewalk in a distance of four or five feet. The ramp, however, did not slope down in all directions. Consequently, the edge of the ramp facing the plaintiff's approach contained an abrupt change in elevation from zero inches where the ramp started to six inches at the curb. The plaintiff was injured when she stumbled over the edge of the ramp where its top edge was approximately three inches higher than the parking lot.

The plaintiff sued the defendants for the injuries she sustained in her fall. She alleged that the defendants failed to provide a reasonably safe sidewalk because "there were inadequate visual clues to inform [the plaintiff] that a substantial change of elevation was present which posed a tripping hazard." Alleging that the defendant's negligence was the proximate cause of her injuries, the plaintiff sued for her emotional, physical and economic harm.

The defendant filed a motion for summary judgment on the grounds that reasonable minds would unanimously agree that the plaintiff was 100% at fault in causing the accident, or at least more than 50% at fault.

The defendants introduced portions of the plaintiff's discovery deposition showing a photograph of the "flared side" of the ramp where plaintiff fell. Her deposition testimony also showed that the accident happened during daylight hours and that there was no foreign substance on the sidewalk:

> Q. All right. And is it your testimony as you went into Kroger's you caught your toe on that three-inch ledge we put on Exhibit No. 1, and that's what caused you to trip?
>
> A. No, sir
>
> Q. Well, then what caused you to trip?
>
> A. What caused me to trip was -- what caused me to fall was I tripped on that ramp.
>
> Q. That's just what I said. And how did that three-inch place where we've marked as Exhibit No. 1, how did it cause you to trip? There it is. Tell me how that caused you to trip.

A. Because when I got out of my car, I went to the entrance ramp. I went to the ramp and I was going up the ramp, I tripped -- and fell. And what caused me to trip was this whole ramp was painted yellow like a ramp. It gave me no indication that there would be a curb there. There was nothing, no markings, no painting, nothing to say to me this is a -- anything but a ramp.

Q. Well, but what caused you to trip: Did you catch your toe on that thing or did you just -- I don't understand what caused you to trip. I know you claim that's where you tripped, but what was it about your body that made you trip?

A. What is it -- nothing about my body caused me to trip.

Q. Well, did you catch your toe on it and fall down or did you just --

A. I caught my toe at that three-inch --

Q. Well, that's what I was asking.

A. -- on your ramp.

* * *

A. The whole thing is marked like it should be a ramp.

Q. All right. So because it's yellow, that's what made you feel like it was just -- there wasn't a step there?

A. There was nothing there to show me there was a curb.

(Winkler Dep. at 57 - 59).


The plaintiff responded to the motion relying on the same photograph and the affidavit of a doctor of civil engineering. The picture shows the ramp as it existed on the date of the accident. The top surface of the ramp and the vertical side down to the parking lot level are painted the same color, originally a bright yellow. Also, for several feet beginning at the curb, a yellow line about four inches wide is painted on the surface of the parking lot adjacent to the vertical face of the ramp. Therefore, about four inches of the parking lot, the vertical face of the ramp and the top of the ramp are all the same color.


The civil engineer basically described what the picture showed and he gave his opinion that the ramp at the time of the plaintiff's fall was unreasonably dangerous. He said "nationally recognized consensus standards" typically require a marking stripe to

alert pedestrians about abrupt changes in elevation between one and two inches. Without the marking stripe at the ramp in question, the change in elevation was "essentially camouflaged" preventing it from being readily noticed.

The defendants objected to the engineer's affidavit because it did not state that the ramp at the time of the accident violated any relevant code. Further, the affidavit contained only an opinion about "human factors" and the engineer did not qualify as a human factor expert.

The trial court did not strike the affidavit, but it did discount its relevance since it did not point out any standards that had been adopted by a state or local government. The affidavit merely refers to nationally recognized consensus standards, without exhibiting them or providing any further specifics.

After a hearing, the trial court granted the motion for summary judgment. The order contains findings (1) that the defendants did not breach any duty of care to the plaintiff, (2) that it was not foreseeable a patron would stumble and fall over the ramp, and (3) that the sole cause of the plaintiff's injuries was her inattention to the surroundings and her failure to lift her foot high enough to step up on the ramp.

## II. LEGAL ANALYSIS

This action was filed on October 4, 2010. Therefore, the summary judgment standards applicable are those established in *Hannan v. Alltell*, 270 S.W.3d 1 (Tenn.2008). The 2011 legislative changes do not affect cases filed before July 1, 2011.

Under Rule 56.04 Tenn. R. Civ. Pro. summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In making this determination a court must view all of the evidence in the light most favorable to the non-movant and resolve all factual inferences in the non-movant's favor. *Stovall v. Clark,* 113 S.W.3d 715, 721 (Tenn.2003).

Once rendered in the trial court, a summary judgment is reviewed de novo in this Court as a matter of law. As the Supreme Court has often repeated: summary judgments do not enjoy a presumption of correctness. *City of Tullahoma v. Bedford County*, 938

S.W.2d 408, 412 (Tenn.1997); *Bellsouth Adver. & Publ'g v. Johnson*, 100 S.W.3d 202, 205 (Tenn.2003); *Hunter v. Brown* 955 S.W.2d 49, 50 - 51 (Tenn.1997).

A negligence claim requires proof of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact, and (5) proximate legal cause." *Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998).

We cannot tell from the lower court's order whether the court found that the defendants did not <u>owe</u> the plaintiff a duty of care or did not <u>breach</u> the duty.

Assuming that the court found no duty, we think the court was in error. As our Supreme Court explained in *Rice v. Sabir*, 979 S.W.2d 305 (Tenn.1998):

> In a premises liability case, an owner or occupier of premises has a duty to exercise reasonable care with regard to social guests or business invitees on the premises. The duty includes the responsibility to remove or warn against the latent or hidden dangerous conditions on the premises of which one was aware or should have been aware through the exercise of reasonable diligence. *See Blair v. Campbell,* 924 S.W.2d 75, 76 (Tenn.1996); *Eaton v. McLain*, 891 S.W.2d 587, 593-94 (Tenn.1994). Although the traditional rationale for imposing a duty was the owner's superior knowledge of conditions on the premises, *see e.g., Kendall Oil v. Payne*, 41 Tenn.App. 201, 293 S.W.2d 40, 42 (Tnn.App.1955), we recently held that a duty may exist even where the injury-causing condition is alleged to be "open and obvious" to the plaintiff.

*Rice* at 308 (footnote omitted).

In *Coln v. City of Savannah* the Supreme Court held (1) that the city owed a duty of care to persons using the city walkways where there was a deviation of three-eighths of an inch between the level of a walkway and the level of a sidewalk where the two joined; and (2) that the duty existed even though the condition was open and obvious "..if the risks of harm remains unreasonable despite its obviousness or despite knowledge of it by the invitee..." (citing *Bertrand v. Alan Ford, Inc.*, 449 Mich. 606, 537 N.W.2d 185, 187 (1995).

We hold that under the circumstances in this case the defendants owed a duty of care to the plaintiff.

Once that duty is established, whether the defendants breached the duty and whether the breach was the proximate cause of the plaintiff's injury are questions of fact. *Leatherwood v. Woodley*, 121 S.W.3d. 682 (Tenn.Ct.App.2003). At this stage, we must view the evidence in the light most favorable to the plaintiff and resolve all factual inferences in her favor. *Stovall v. Clark,* 113 S.W.3d 715, 721 (Tenn.2003). Applying that rule to the plaintiff's deposition testimony, we could conclude that she stumbled over the edge of the ramp because there was nothing to alert her to the fact that she was approaching an abrupt change in elevation. We think reasonable minds could reach different conclusions about whether the defendants breached the duty to her and whether the breach was the proximate cause of her injuries. Therefore, summary judgment for the defendants was improper.

The judgment of the court below is reversed and the cause is remanded to the Circuit Court of Warren County for further proceedings. Tax the costs on appeal to appellees.

_____
BEN H. CANTRELL, SENIOR JUDGE